CHARLES E. PATTERSON et al.

*v.*

THOMAS H. READ, executor of the will of WILSON READ, deceased.

1. A reputable solicitor of this court was consulted upon questions involved in an anticipated suit by the person who was made the defendant when the suit was afterwards commenced, and conceiving that he had been engaged to act for the defendant in good faith, in order to expedite the determination of the questions, at the institution of the suit, waived process and the right to answer and admitted the allegations of the bill. After this the defendant recognized him as his, the defendant's, solicitor in the subsequent stages of the cause, and at one time, at the hearing before the master, appeared with him. The complainants prosecuted the suit to final hearing. When the settlement of the final decree was pending, for the first time, the defendant denied the authority of the solicitor to enter the waiver.—*Held,* that he was then estopped from denying that authority.

2. A counselor, in the exercise of his judgment, in good faith, did not offer evidence which his client urged him to put in the case.—*Held,* that his failure to do so is not a ground for rehearing.

On application for rehearing &c.

*Mr. Joseph Cross, Jr.,* and *Mr. Thornton,* of New York, for the application.

*Mr. Robert Allen, contra.*

THE CHANCELLOR.

Charles E. Patterson and Flora Patterson, infants, by their next friend, filed their bill on December 20th, 1886, against Thomas H. Read, as executor of the will of Wilson Read, deceased, for support out of the residue of the estate of said Wilson Read, according to the provisions of his will.

The bill was submitted to Charles H. Winfield, an able and respectable counselor of this court, who had before then been consulted by the defendant as to the defendant's rights and duties as such executor. Mr. Winfield, conceiving that he had full authority to act for the defendant, stipulated in writing with the complainant's solicitor as follows :

"The issuing and serving of process in the above case waived, and also waived the right to file answer. The facts stated in the said bill are admitted, it being the understanding, intention and desire of the parties, both complainants and defendant, that the will of Wilson Read, deceased, be construed so as to ascertain by final decree the powers of the defendant as executor, and the rights of the complainants."

Upon filing this stipulation, the cause was brought to hearing before the chancellor, who, after the arguments of Mr. Winfield for the defendant and Mr. Clayton for the complainants, determined the rights of the complainants under the will (*Patterson* v. *Read, 15 Stew. Eq. 146*), and made an order of reference to a master to ascertain the amount of expenditure necessary for their support. After this, the defendant appeared, in company with Mr. Winfield, before the master and took part in the examination of witnesses, and, after the master reported, caused exceptions to the report to be filed by Mr. Winfield as his solicitor. At the hearing upon these exceptions, Mr. Winfield again represented the defendant. *Patterson* v. *Read, 15 Stew. Eq. 621.* When the chancellor determined in favor of confirming the master's report, the defendant presented this petition, by which he seeks to have all proceedings in the suit subsequent to the filing of the bill set aside, to obtain leave to answer, and to secure a rehearing of the entire case. He alleges now, for the first time in the progress of the suit, as grounds for the applica-

tion, that Mr. Winfield originally appeared for him and entered into the written stipulation above set forth without authority, and subsequently, when before the master, advised against the introduction of, and refused to offer, testimony which was of importance to him in the case, and which another counsel, a member of the New York bar, who also acted for the defendant, urged him to offer, and also that others, interested under the will of Wilson Read, should have been made parties to the suit, and that the will was not properly construed by the chancellor.

If Mr. Winfield did not have authority to stipulate as he did upon the filing of the bill, the defendant's employment of him and appearance with him in the subsequent stages of the suit, without objection to the stipulation, and the complainants' prosecution of their suit through these stages in reliance upon the stipulation, estop him from now denying the authority of his counsel. *Cyphert* v. *Clune, 22 Pa. St. 195.* As soon as it became known to him that the stipulation had been made, he should have repudiated it, and applied to the court for leave to plead, demur or answer, or for a rehearing.

It satisfactorily appears that Mr. Winfield, acting in good faith, did not offer the evidence which he was urged to put in before the master, because, in his judgment, it was not necessary to the proper conduct of the case to do so. At best, this was error in judgment on the part of counsel, and is not ground for rehearing. *McDowell* v. *Perrine, 9 Stew. Eq. 632.*

The objections that others should have been parties to the suit, and that the will was improperly construed, may be considered upon appeal, and in view of the fact that my distinguished predecessor in office wrote both the opinions in this case above alluded to, I have not examined these objections, preferring that if a review is to be had, it shall be by an appellate tribunal.

I do not see that the confirmation of the master's report and the signing of the decree, as the case stands, will work hardship to the defendant. It is, however, apparent to me that the complainants will suffer if they shall be subjected to further litigation and delay in this matter.

The application will be denied, with costs.