On July 20th, 1921, defendant Carolina Bodone purchased from Emilie Massovi premises in the township of Bridgewater, Somerset county, this state, by warranty deed, wherein it was recited that the premises were subject to a first mortgage of $1,600 held by the Serial Building and Loan and Savings Institution, and a second mortgage for $600. At the time the purchase was made by Bodone the public records disclosed no other mortgage or lien, but Bodone having heard mention about another mortgage visited the complainant, Thomas Grbac, and was informed by the complainant, Grbac, that a mortgage existed in his favor executed by Massovi but that it was a private matter between him and Massovi, who was his former partner in a joint venture, and that she need not hesitate to purchase the premises so far as the mortgage was concerned since it was a "fake." Relying upon the representations thus made, defendant purchased the premises.
About March 3d 1923, the complainant herein filed his bill to foreclose the mortgage in the sum of $1,456. Defendant filed answer denying that the conveyance to her was subject to the lien of complainant's mortgage; that no notice of record of the mortgage existed at the time of the purchase, and that upon inquiries made by her of the complainant she was informed that the mortgage was a "fake" and would be destroyed, and relying upon the statements and representations of the complainant she accepted a deed for the premises and paid the purchase price therefor.
The foreclosure suit was referred January 7th, 1925, to the late Vice-Chancellor Foster and upon his death it was re-referred to Vice-Chancellor Buchanan. Thereafter the solicitor for the defendants died, which occasioned some delay. Subsequently, orders of designation consented to were furnished the complainant's solicitors, but no date for hearing *Page 433 
was requested by complainant's solicitors until sometime in May, 1932, when defendants moved to dismiss the bill for lack of prosecution which resulted in a denial of the motion and the matter being referred to one of the special masters of the court. Testimony was taken before him and briefs filed. The master, on January 8th, 1934, reported "that the defendant has clearly and convincingly established that complainant made substantial representations to the defendant; that defendant acted on these representations in buying this property to her detriment, and that, therefore, complainant is estopped by reason of these representations, from proceeding on the foreclosure of his alleged mortgage. I further report that the complainant should be estopped from claiming a lien against said premises under an alleged mortgage, sought in this case to be foreclosed, and that the bill to foreclose filed in this matter should be dismissed." On January 8th, 1934, rule nisi to confirm the master's report was entered, and later the final decree.
The matter now comes before me upon petition of the complainant and order to show cause why the decree nisi confirming the special master's report should not be vacated and the entry of the final decree upon the confirmation of the special master's report stayed, in order to permit the petitioner to produce such additional testimony "as he may be advised by his solicitor as necessary to substantiate the allegations of your petitioner's bill; or in the alternative, to file exceptions to the advisory master's report."
The grounds advanced by the petitioner's solicitors in their brief are: "That the solicitor who drew the mortgage and the solicitor who drew the deed at the time when Carolina Bodone purchased the property were available to testify in the transaction, they were not called by the solicitor of the complainant, and through the delay in bringing the matter on for hearing, it became more difficult to prove the transaction," and that "the failure of the solicitor of the complainant to put in his appearance on the reopening of the testimony on the two occasions for the purpose of cross-examining *Page 434 
the witnesses or objecting to the admission of certain instruments, was prejudicial to the interests of the complainant."
What is offered in the first place is not newly discovered evidence. Moreover, the deed and the mortgage were in evidence before the special master. They spoke for themselves; the solicitors could add nothing. Only newly discovered evidence, previously undiscoverable by ordinary efforts, material, and calculated to change the result reached, will serve to obtain a new trial or hearing. St. Georges, c., Society, v. Society ofSt. Urzule, 102 N.J. Eq. 512.
As to the remaining ground the transcript of the testimony discloses that on February 18th, 1933, one Tito Malenchini was sworn and gave testimony in the absence of the solicitor for the complainant. However, on March 11th, 1933, the solicitor for the complainant appeared and cross-examined this witness on the testimony previously given. The objection that the solicitor for the complainant did not object to the admissions of certain instruments and so prejudiced the interests of complainant is met by the ruling that mistake or error of judgment in that regard on the part of counsel is no ground for rehearing. To hold otherwise would lead to almost interminable litigation. After trial a party can almost always perceive where he might have made his case stronger. The adverse party has rights which should be recognized and protected. The defendant should not be obliged to undergo the expense and delay of another contest because the complainant thinks his counsel made a mistake. The court will not grant another trial, because some witness was not examined, unless the conduct of counsel was fraudulent, which is not claimed herein.McDowell v. Perrine, 36 N.J. Eq. 632; Patterson v. Read,43 N.J. Eq. 18.
The order to show cause is discharged and the petition dismissed. *Page 435