AMALIE (ALSO KNOWN AS AMELIA) DREYER, PLAINTIFF-RESPONDENT, v. THE CENTURY INSURANCE COMPANY, LIMITED, OF EDINBURGH, SCOTLAND; NIAGARA FIRE INSURANCE COMPANY, AND THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LIMITED, DEFENDANTS-APPELLANTS.

Argued May 21, 1936—Decided October 2, 1936.

For the appellants, *Jacob L. Newman* and *Saul J. Zucker* (*Lionel P. Kristeller,* attorney and counsel).

For the respondent, *Auguste Roche, Jr.,* and *John J. McDonough* (*Harrison & Roche,* attorneys of record).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from three judgments totaling $15,111 entered in the Supreme Court, Essex Circuit, after trial and verdict.

These judgments represented the damages to the plaintiff-respondent under a standard mortgagee clause for loss by fire of a building located in West Caldwell, New Jersey, on December 7th, 1933, upon which she held a mortgage.

On September 13th, 1933, the appellants issued and delivered their respective policies of insurance in the aggregate sum of $15,700 indemnifying *Frank Tipping,* as owner, for one year, against all direct loss or damage by fire. To each of these policies was attached a standard mortgagee clause providing that the loss, if any, should be paid to the respondent, as mortgagee, who is the aunt of the wife of Frank Tipping.

She has held a mortgage on the Tipping property since 1906; at first it was $7,000 then increased to $9,000 and in 1928 to $17,000, all at the time of the fire due and unpaid together with insurance premiums and taxes paid by her as mortgagee.

Prior to December 1st, 1928, Frank Tipping was the sole owner of the insured mortgaged premises. On that date, through his attorney he transferred the title to himself and wife as tenants by the entirety. On the same day the respondent, mortgagee, conveyed a small piece of land contiguous to the main, larger tract, to Frank Tipping and Amalie Tipping, his wife, as tenants by the entirety and immediately took back a mortgage upon the entire tract from Tipping and his wife. This small tract was later released from respondent's mortgage.

Respondent testified that she was not informed of the change of ownership of the property covered by the policies, at the time the change was made on December 1st, 1928.

These were not renewal policies but represented new business by the appellant companies. From December 1st, 1928, and from the date of the policies in question, up to and including the date of the fire the title to the insured property was in Frank Tipping and Amalie Tipping, his wife, as tenants by the entirety although the policies ran to Frank Tipping, as owner.

The grounds of appeal may be placed in three groups:

1. Error in refusing to nonsuit and direct a verdict in favor of the appellant companies.

2. Error in refusing to permit appellants' witness Martin, secretary of the tax board, to testify to the assessed valuation of the insured property and to testify as an expert to such value.

3. Error in refusing to charge certain requests. Such of these grounds as are argued are presented under five points. Point 1. A tenant by the entirety is not such sole and unconditional owner as to come within the terms of the "sole and unconditional ownership clause" in the policy and the failure of a party in interest to notify the insurer of the correct ownership renders the policy unenforceable.

As far as the insured, owner, is affected we are not concerned.

We have held that this does not apply to a mortgagee. *Reed* v. *Firemen's Insurance Co.*, 81 *N. J. L.* 523; *Kozlowski* v. *Pavonia Fire Insurance Co.*, 116 *Id.* 194.

The mortgagee clauses attached to the policies contained a stipulation requiring the mortgagee to "notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the said mortgagee * * * otherwise this policy shall become null and void."

The change of ownership did not occur after but some years prior to the issuance of the policies and the respondent testified that she did not have knowledge of it.

This, therefore, was no basis for either nonsuit or direction of verdict.

Point 2 is in line with the point just considered and disposed of.

Point 3. Respondent failed to establish her damages in accordance with the formula prescribed by the insurance policies, and, therefore the judgments of $15,111 and costs are not based upon legal proofs and cannot be sustained.

It probably is true that respondent's proofs fell short but this deficiency was supplied by proofs through appellant's witnesses and consequently no trial error was committed in this direction.

We find no error in the trial court's disposition of the grounds argued under Points 4 and 5, namely:

"The trial court committed reversible error in refusing to permit appellants' witness, Alexander Martin, secretary of the board of assessors of the borough of West Caldwell, to testify to the amount of the real estate assessment against the premises damaged by the fire for the years 1931, 1932 and 1933, and refusing to permit him to testify to the appraisal he had made of the premises in question.

Point 5. Respondent was guilty of false swearing in submitting proofs of loss setting forth that no other person than Frank Tipping and respondent had any interest in said loss and containing an exorbitant figure of the amount of damage caused, without allowing appellants any amount for depreciation in accordance with the terms of the policy.

The judgments under review are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF ·JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.