ISABELLA SIVAK AND ANDREW SIVAK, PLAINTIFFS-APPELLANTS, v. CITY OF NEW BRUNSWICK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 28, 1938—Decided January 13, 1939.

For the appellants, *Theodore Strong & Son* (*Stephen V. R. Strong,* of counsel).

For the respondent, *Paul W. Ewing.*

The opinion of the court was delivered by

HEHER, J. Plaintiffs were nonsuited; and they assign error thereon. The point is not well made. The evidence adduced did not raise an issue of fact.

"Active wrongdoing" was the *gravamen* of the complaint. It was charged that, on November 17th, 1933, the defendant municipality "sprinkled" Central avenue, one of its public highways, "with water, when the temperature was below thirty-two degrees Fahrenheit, causing said water to turn into ice upon" the highway surface, "and creating thereby a condition dangerous and hazardous, and without due or reasonable care for the safety of those using" the highway; and that Isabella Sivak "slipped upon said ice and fell heavily to the pavement," whereby she suffered personal injury. Her husband Andrew sued *per quod*.

In its essentials, this was the evidence offered to sustain the cause of action thus pleaded:

While crossing Central avenue, on the day mentioned, between four-thirty and five o'clock in the afternoon, Mrs. Sivak, then in an advanced state of pregnancy, "slipped" and fell when "half way across." She testified as follows: There had been no rain or snow on the day in question. "The sun was out, but it was cool." While a nearby highway "was dry," Central avenue "looked sort of, well wet; it looked sort of wet like, as though it had been wet, the whole street." After she slipped and fell, she "felt ice around" her; "there was ice in spots, and in other spots like and the places, it was sort of wet like." Again she testified that, before the fall, the street pavement "looked wet in spots; a part of it was dry." She did not then "notice any ice spots" thereon.

A pedestrian, who went to Mrs. Sivak's assistance, testified that, while the pavement "was dry in spots," there was "a thin film of ice, coating of ice at the spot where she fell." He later described it as "a thin layer of ice" in "a little hollow spot" on the roadway. He said there were several of these "little pools frozen with ice where the water was laying in those hollows," and that he was unable to say whether "they were frozen solid or not." With the exception of these

"little hollows" containing "ice or water," the pavement was "dry." This witness also testified that, between an hour and an hour and a half prior to the mishap, he saw "the city sprinkler, in operation, going down Central avenue."

It was proved that, at the State Agricultural Experiment Station, located some two miles from the scene of the mishap, the temperature at five o'clock in the afternoon of the day in question was thirty-two degrees Fahrenheit, and that the high temperature of the preceding twenty-four hours was thirty-five degrees and the low temperature fifteen degrees. The day was "clear; the sun was out all day." There was an automatic recording of the high and low temperatures; and there was a daily reading at five o'clock in the afternoon. During the twenty-four hours beginning at five o'clock in the afternoon of November 17th, the maximum temperature was thirty-eight degrees and the minimum thirty-one degrees. The reading at five o'clock of the afternoon of November 16th revealed a maximum of twenty-eight degrees and a minimum of fourteen degrees for the preceding twenty-four hours.

The "mere scintilla" of evidence rule does not obtain in this state. *Pellington* v. *Erie Railroad Co.*, 115 *N. J. L.* 589; *Schmidt* v. *Haines*, 115 *Id.* 271. The inquiry on a motion to nonsuit is whether the jury could, on any reasonable view of the evidence, rejecting all evidence and inferences unfavorable to the plaintiff, find that the plaintiff had established the facts essential to his asserted cause of action. Is there *any* evidence which, if accepted and given its fullest probative force, reasonably tends to sustain the pleaded cause of action? Is it such that fair and reasonable men would be justified in concluding that the onus of proof had been sustained? Mere surmise or conjecture does not suffice. *Baldwin* v. *Shannon*, 43 *N. J. L.* 596; *Newark Passenger Railway Co.* v. *Block*, 55 *Id.* 605; *Weston* v. *Pennsylvania Railroad Co.*, 74 *Id.* 484; *Nolan* v. *Bridgeton and Millville Traction Co.*, 74 *Id.* 559; *McCarthy* v. *Metropolitan Life Insurance Co.*, 75 *Id.* 887; *Montecalvo* v. *Wahl*, 97 *Id.* 554; *Donus* v. *Public Service Railway Co.*, 102 *Id.* 644; *Lipschitz* v. *New York*

*and New Jersey Produce Corp.,* 111 *Id.* 392; *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *Id.* 487; *Schmidt* v. *Haines, supra; Pellington* v. *Erie Railroad Co., supra; Poole* v. *Twentieth Century Operating Co.,* 121 *Id.* 244. If there be such evidence, its probative value and weight are within the exclusive province of the triers of the facts. *Horandt* v. *Central Railroad Co.,* 81 *Id.* 488; *Uvalde Asphalt Paving Co.* v. *Central Union Stock Yards Co.,* 84 *Id.* 297; *Dickinson* v. *Erie Railroad Co.,* 85 *Id.* 586.

This is the English common law rule. In *Bridges* v. *The Directors, &c., of the North London Railway Co., L. R.* 7 *H. L.* 213, Brett, J., said: "What is that proposition or rule of law which the judge is bound to apply to the evidence in order to determine this question of law? It cannot merely be, is there evidence? That has no meaning without a farther proposition defining when it is to be considered in point of law that there is evidence. Without a proposition or rule which can be enunciated or predicated, there is no rule of law; a rule of law can always be predicated in terms. The proposition seems to me to be this: are there facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?"

Assuming without deciding that the complaint charged "active wrongdoing" within the intendment of the law, we are constrained to hold that the evidence afforded no rational basis for a finding of such misconduct; and there was therefore no factual issue for resolution by the jury. It was incumbent upon the plaintiff to introduce evidence reasonably tending to prove the basic proposition sought to be maintained, *i. e.,* that the highway was sprinkled with water when the temperature was at the freezing point. It is the general rule, grounded in elementary principles of pleading and practice, that a recovery must be *secundum allegata et probata. Jordan* v. *Reed,* 77 *N. J. L.* 584; *Westville Land Co.* v. *Handle,* 112 *Id.* 447. There was here no mutual trial departure from the theory of the complaint that makes the general rule inapplicable.

The testimony of Mrs. Sivak that, at the time of the mishap, the road surface was "wet," tended to negative the hypothesis of the complaint that the sprinkling was done when the temperature was below the freezing level. So, also, the contradictory testimony of the pedestrian that the roadway was "dry," and entirely free of ice except in the comparatively few "hollow spots" adverted to, served to refute this basic theory. But it may be conceded that this evidence is inconclusive. The thermometric readings disclosed that, while the temperature remained below the freezing point during the twenty-four hours ending at five o'clock on November 16th, there was a rising temperature thereafter, which reached a maximum of thirty-five degrees at midday on the 17th and did not drop below thirty-one degrees during the ensuing twenty-four hours. In these circumstances, the conclusion is irresistible that, at the time of the alleged sprinkling of the highway, the temperature was above the freezing point. Evidence of a midday temperature of thirty-five degrees and a drop to thirty-two degrees at five o'clock in the afternoon, followed by a drop of only one degree during the succeeding twenty-four hours, is manifestly insufficient to sustain a finding that the sprinkling had been done in a freezing atmosphere; and there was no other evidence tending to establish the claimed hypothesis.

Thus the proofs afforded no reasonable basis for the inference that the sprinkling of the highway surface was the proximate cause of the fall. A finding that the affirmed wrongful act was the causative agent of the injury plainly would run counter to reason. Fair and reasonable men could not conceivably come to that conclusion; and therefore the trial judge did not, in so viewing the question as one of law, invade the province of the jury.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.