32 N.J. Super. 496 (1954)
108 A.2d 638
ANITA KARCHER, PLAINTIFF-APPELLANT,
v.
PHILADELPHIA FIRE AND MARINE INSURANCE COMPANY, A CORPORATION OF PENNSYLVANIA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1954.
Decided October 26, 1954.
*498 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Hymen B. Mintz argued the cause for appellant (Mr. Sol Herships, attorney).
Mr. James S. Ely argued the cause for respondent (Messrs. Ely and Ely, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
On May 3, 1950 the defendant issued its policy of insurance entitled "Jewelry  Fur Floater Policy" to the plaintiff, which by successive renewals perpetuated the coverage until May 3, 1953. Among the insured articles designated in the schedule of the policy was "Article 1. Description. One diamond ring 2.22 cts. in platinum setting with 2 baguette diamonds. Amount $2,288.00."
On August 9, 1952, while the plaintiff was a passenger on the ship "Ocean Monarch" and in possession of the ring, the central diamond in the setting was discovered to have *499 disappeared and has not since been found. The ring itself with the setting and two baguette diamonds was not lost.
The plaintiff, as the named assured, prosecuted the present action to recover from the defendant insurer the amount of $2,288 stated in the schedule of the policy.
It is evident that the attorney of the plaintiff conceived the policy to be in the distinguishable category of what is known as a "valued policy."
A valued policy may be generally described as one in which the measure of the value of the property insured is definitely settled by the contractual engagement of the parties so that in the event of a total loss proof of the actual value becomes unnecessary. Indeed, it has been judicially stated that it is the uncertainty of the amount of the liability of the insurer which distinguishes a so-called open policy from a valued policy. Such an agreed valuation has been declared to be in that particular in the nature of a contract for liquidated damages. Appleman, Insurance Law and Practice, § 3827, p. 180; Couch, Cyclopedia of Insurance Law, § 74, p. 103; 29 Am. Jur. 917, § 1222.
More than a score of states have legislative enactments commonly denominated valued policy statutes which govern the latitude and effect accorded valued insurance policies. It will be noted that some of the statutes do and others do not deal with the subject of partial losses. See 49 Columbia L. Rev. 827.
In undertaking to determine whether a policy is to be classified as open or valued, the contract must be examined in its entirety to ascertain the mutual intentions of the parties existing at the time of its execution. In that pursuit it is observed that the instant policy contains the following express provision:
"Where any insured item consists of articles in a pair or set, this policy is not to pay more than the value of any particular part or parts which may be lost, without reference to any special value which such article may have as part of such pair or set; nor more than a proportionate part of the insured value of the pair or set." (Emphasis supplied.)
*500 It may be insinuated with same logical reasons that the policy viewed in its entirety straddles the dividing line between an open and a valued policy, but in determining the present appeal we believe it to be unnecessary definitely to resolve whether the policy is a valued policy or not.
Here the entire ring in which the diamonds were set was insured in the stated amount. The center diamond was lost and the platinum ring and the diamonds embedded in the two baguette forms were salvaged. This, we believe, to be a partial and not a total loss. Is it a partial loss comprehended by a reasonable and logical interpretation of the provision of the policy hereinbefore quoted? We think so.
A set is a number of things of the same or similar kind ordinarily used together; a collection of articles which naturally complement each other. Little significant and presently essential difference exists between a set of pearls assembled on a cord and a set of diamonds attractively congregated on a finger ring.
Let us suppose that the article insured under a valued policy containing the same provision was a colorfully matched pearl necklace, consisting of three strands of 107, 109, and 115 pearls, each with a platinum clasp studded with diamond chips, and that on one mild and balmy afternoon, having returned from a saddle ride and alighted from their horses, leaving them in the custody of her sister, the insured excitedly hastened into her residence with the intent proudly to display the beauty of the necklace to her sister, who awaited with heated curiosity. With manifest promptness and conspicuous delight the insured returned to her sister with the lustrous necklace spread upon her outstretched hand. One of the horses had frequently experienced gratification in receiving from the patrons of the riding academy a few blocks of sugar at the journey's end.
Although no doubt surprised on this occasion by the apparent exceptional generosity of the insured, the animal with uncommendable promptitude and alacrity ravaged the pearls. So covetous was the animal that of a total of 331 pearls in the necklace, only 262 were enther involuntarily disgorged *501 or antagonistically retrieved from the mouth of the horse. It may be surmised that both the horse and the insured were genuinely disappointed.
Was the loss of the 69 pearls a partial loss to which the above-quoted provision would apply? Judge McGranery of the United States District Court thought so in Gerhard v. Boston Ins. Co., 99 F. Supp. 247 (D.C. 1951). So also did Judge Daniel Brennan reason in considering the loss in the present case of the one diamond from the ring.
Assuredly if the partial loss here sustained by the plaintiff is enveloped, as we think it is, by the herein disclosed provision in the policy, the diction of the provision, notably the words "this policy is not to pay more than the value of any particular part or parts which may be lost" and "nor more than a proportionate part of the insured value" of the entire article, persuades us that the plaintiff, in the absence of any evidence concerning the value or relative and proportionate value of the one lost diamond, was not entitled by reason alone of the terms of the policy to recover $2,288, the maximum amount of the insurance payable even under a valued policy in the event of the total loss of the insured article.
The policy reveals that the parties contemplated a different measure of the insurer's liability in the event of a partial loss. Some evidence indicating the reasonable cost of substantially restoring the ring to its former appearance and value or the gap between the reasonable monetary value, if any, of the remaining part and the actual or agreed value of the entire article must necessarily be introduced to enable the court or jury to survey and rationally calculate the justly recoverable damages.
No such evidence was introduced by the plaintiff in the present case, in consequence of which the trial judge granted the motion made on behalf of the defendant to dismiss the action.
Normally we would affirm the judgment, but here it is clearly obvious and understandable that the attorney of the plaintiff mistakenly rationalized the basis of the cause *502 of action. He believed the policy to be a valued policy and not without reason presented the case upon that premise. He entertained the conviction that the provision in the policy relating to the loss of a part of an insured item consisting "of articles in a pair or set" was inapplicable to the loss of a stone from a finger ring. The plaintiff tendered the salvaged part of the ring to the defendant. For those reasons he was unprepared to produce available expert or other competent evidence which we now resolve was necessary to establish the amount of the defendant's liability, if any, under the policy.
While we conclude that the action of the learned trial judge was entirely justified, we also conclude that in the peculiar circumstances of this case the plaintiff should be afforded a new trial. Such is conducive to the quality of complete justice which our appellate supervisory power endeavors to secure.
New trial ordered.