JOHN LERTCH, PLAINTIFF-RESPONDENT, v. CHARLES H. McLEAN, DEFENDANT-RESPONDENT, AND TRENTON TRANSIT AND THOMAS J. GROSSO, DEFENDANTS-APPELLANTS.

Argued February 28, 1955—Decided March 21, 1955.

*Mr. George Gildea* argued the cause for the defendants-appellants (*Messrs. Katzenbach, Gildea and Rudner,* attorneys).

*Mr. Bernard A. Campbell* argued the cause for the plaintiff-respondent.

The opinion of the court was delivered by

OLIPHANT, J.  On February 27, 1953 plaintiff was a passenger in a bus of the defendant Trenton Transit operated by its employee Thomas J. Grosso, which bus collided with an automobile owned and operated by the defendant Charles H. McLean at the intersection of Roebling and South Clinton Avenues in Trenton, New Jersey.  The attorney for the plaintiff filed a complaint which stated in its caption "John Lertch, Plaintiff v. Trenton Transit, a corporation of the State of New Jersey and Thomas J. Grosso, or *in the alternative* Charles H. McLean."  The complaint contained three counts charging several liability, the first count charging negligence against Trenton Transit; the second count charging negligence on the part of Grosso individually and the third count charging negligence against McLean.  There was no count charging that the accident was caused by the negligence of Grosso and McLean.

At the pretrial an order was entered which in part reads as follows:

"Plaintiff admittedly a passenger in the bus sues the corporate defendant and the defendant Grosso on the one hand and *in the alternative* defendant McLean for personal injuries alleged to be permanent, loss of earnings and out of pocket expenses in an effort to effect his cure.  He alleges in the alternative the negligence of the corporate defendant and defendant Grosso on the one hand or in the alternative the defendant McLean as the proximate cause of his injuries and consequent damages."  (Italics supplied.)

On the trial of the issue the jury returned a verdict in favor of the plaintiff against the defendant McLean in the sum of $1,500 and returned verdicts of no cause of action in favor of the defendants Trenton Transit and Thomas J. Grosso.  Judgment on the verdict was accordingly entered.  An appeal was taken to the Appellate Division by the plaintiff and that court found all his grounds to be without merit but on its review of the case, on its own motion,

discovered that the trial court's charge to the jury was inconsistent and confusing. It chose to grasp upon this on the ground that it was plain error affecting a substantial right of the plaintiff, *R. R.* 1:5–3(*c*), and therefore reversed the entire judgment and ordered a retrial on all issues. The defendant Trenton Transit and Thomas J. Grosso applied to this court for certification, which was granted under *R. R.* 1:10–2(*d*). On the argument before this court counsel for the plaintiff frankly stated that he knew the suit was in the alternative from its inception to the end of the trial but did nothing to correct it, but now takes the position that the Appellate Division had the inherent power to correct the situation. There can be no question that it has the power to correct a situation where a substantial right of the plaintiff is involved but under the facts present here no such situation exists.

The pretrial order is a cornerstone in the building of our practice in the trial of cases under the new judicial system. One of the purposes of the rule, *R. R.* 4:29–1, is to allow great liberality in forming and amending pretrial orders so that all phases of the controversy may be finally and justly determined between the parties but as we said in *Schlossberg v. Jersey City Sewerage Authority*, 15 *N. J.* 360, 370 (1954):

> "However, the flexibility and liberality allowed by our procedural system to enable the litigants before actually going to trial to identify and agree upon the issues really in controversy between them are not to be twisted into license to roam at will at the trial outside the agreed upon issues framed in that manner and reduced to expression in the pretrial order. Litigants may move about with greatest freedom during the pleading, discovery and pretrial stages of the action, but after the framework of the case has been settled under the pleadings and the pretrial order, the introduction of additional issues or a shift of ground from those agreed upon may be made over timely and meritorious objection only as permitted by *R. R.* 4:29–1(*b*)(15) and 4:15–2 applicable to amendments offered after entry of the pretrial order, *or during trial*." (Italics supplied.)

The pretrial order in this case defining the issues of negligence between the parties as being in the alternative was

never amended during the course of the trial and it controlled its course. Questions or issues not presented in the pretrial order are deemed to be waived and no instruction to a jury should be given by the court inconsistent with the order. *Jenkins v. Devine Foods, Inc.*, 3 *N. J.* 450 (1950).

To allow deviations from the pretrial order as now sought to be done in the instant case would in effect amount to a nullification of the purpose of the rule and destroy the aims which it was intended to attain, to advance the orderly administration of justice.

The trial judge charged the jury in the first instance that if they found the plaintiff's injuries were caused by negligence they would have to determine who should respond in damages "one, two or all three" of the defendants. Later in the charge the court said that if they found that the defendant McLean was responsible for the accident their verdict should be against him and no cause of action as to Trenton Transit and Grosso, but if they found Grosso negligent their verdict should be against Trenton Transit and Grosso and no cause of action against McLean.

The Appellate Division held the first instruction to be erroneous under the pleadings and pretrial order because the suit was in the alternative, but reversed the judgment below because of the apparent inconsistency between the two portions of the charge, notwithstanding no exceptions were taken by the plaintiff to any part of it, nor was the alleged error made a ground of appeal in the Appellate Division. *R. R.* 4:52-1 provides, *inter alia*: "No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the manner to which he objects and the grounds of the objection," and it should be strictly enforced. *Malinauskas v. Public Service Interstate Trans. Co.*, 6 *N. J.* 269 (1951); *Kero, Inc., v. Terminal Const. Corp.*, 6 *N. J.* 361 (1951); *Nusser v. United Parcel Service*, 3 *N. J. Super.* 64 (*App. Div.* 1949); *Stephens v. Public Service Coordinated Trans., etc.*, 5 *N. J. Super.* 128 (*App. Div.* 1949); *Fario v. Johnson*, 5 *N. J. Super.* 319 (*App. Div.*

1949) ; *Miller & Sons Bakery Co., Inc., v. Selikowitz,* 8 *N. J. Super.* 118 (*App. Div.* 1950).

■ Failure to object or except to an instruction to a jury, having had an opportunity so to do, precludes a party from questioning the propriety thereof on appeal. *Kero, Inc., v. Terminal Const. Corp., supra.*

■ The plaintiff argues, however, that the rule should be relaxed in this case in order to do justice. The Court does have this power in a proper case, *R. R.* 1:1–8, but should not exercise it until it is at least shown that he who alleges the error was in some way injured thereby.

■■ As a matter of fact this plaintiff was not harmed by the charge as given but was accorded a more favorable charge than he was entitled to have. The jury was told it could return a verdict against all defendants, whereas the plaintiff was only entitled to a verdict against the Transit Company and Grosso, *or* McLean. A judgment cannot be founded on a theory or issue not appearing or raised in the pleadings or pretrial order. *Hollister v. Fiedler,* 22 *N. J. Super.* 439 (*App. Div.* 1952) ; *Cf. Union Garage Co. v. Wilner,* 98 *N. J. L.* 441 (*E. & A.* 1923) ; *Gunther v. Morey Larue Laundry Co.,* 129 *N. J. L.* 345 (*Sup. Ct.* 1943). In *Sivak v. City of New Brunswick,* 122 *N. J. L.* 197 (*E. & A.* 1939), the court said :

"It is the general rule, grounded in elementary principles of pleading and practice, that a recovery must be *secundum allegata et probata.*"

Notwithstanding the favorable charge as to the plaintiff and its inconsistency the jury clearly understood the issues, exonerated Trenton Transit and Grosso and found against McLean.

The appeal should have been dismissed by the Appellate Division as there was no relief that could have properly been granted the plaintiff. By a proper application of *R. R.* 1:5–3(c) the only party to the action adversely affected by the charge was the defendant McLean, the Transit Company and Grosso, none of whom made complaint concerning it.

The judgment of the Appellate Division is reversed and that of the Mercer County Court reinstated.

*For reversal*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, JACOBS and BRENNAN—5.

*For affirmance*—Justices HEHER and BURLING—2.