ANITA KARCHER, PLAINTIFF-RESPONDENT, v. PHILA-
DELPHIA FIRE AND MARINE INSURANCE COMPANY,
A CORPORATION OF PENNSYLVANIA, DEFENDANT-
APPELLANT.

Argued June 16, 1955—Decided June 27, 1955.

*Mr. James S. Ely* argued the cause for the appellant
(*Messrs. Ely and Ely*, attorneys).

*Mr. Hymen B. Mintz* argued the cause for the respondent
(*Mr. Sol Herships*, attorney).

The opinion of the court was delivered by

OLIPHANT, J.   In this cause we granted certification both of the defendant-appellant's petition and the plaintiff-respondent's cross-petition for certification.   18 *N. J.* 202 (1955).   *R. R.* 1:10–2(*d*); 1:10–5.

The respondent brought an action on a policy of insurance issued to her by the appellant, which policy was entitled "Jewelry-Fur Floater Policy," and among the articles designated in the schedule of the policy was:

"Article I.   Description.   One diamond ring 2.22 cts. in platinum setting with two baguette diamonds.   Amount $2,288.00."

The central diamond in the setting was lost, but the ring itself with the setting and the two baguette diamonds was not lost.

This action was brought to recover the amount of $2,288 stated in the schedule of the policy.   At the close of the plaintiff-respondent's case, the defendant-appellant moved for a dismissal on the grounds:   (1) there was no proof of value, and (2) because the item lost was part of a pair or set and the loss came within a specific provision of the policy.

On appeal to the Appellate Division that court held that the loss came within the provisions of the policy which reads as follows:

"Where any insured item consists of articles in a pair or set, this policy is not to pay more than the value of any particular part or parts which may be lost, without reference to any special value which such article may have as part of such pair or set; nor more than a proportionate part of the *insured value* of the pair or set."   (Italics supplied)

With this conclusion we are in accord and for the reasons stated by Judge Jayne in the opinion of the court, 32 *N. J. Super.* 496 (*App. Div.* 1954).

However, the Appellate Division ordered a new trial and stated its reasons as follows:

"Normally we would affirm the judgment, but here it is clearly obvious and understandable that the attorney of the plaintiff mistakenly rationalized the basis of the cause of action. He believed the policy to be a valued policy and not without reason presented the case upon that premise. He entertained the conviction that the provision in the policy relating to the loss of a part of an insured item consisting 'of articles in a pair or set' was inapplicable to the loss of a stone from a finger ring. The plaintiff tendered the salvaged part of the ring to the defendant. For those reasons he was unprepared to produce available expert or other competent evidence which we now resolve was necessary to establish the amount of the defendant's liability, if any, under the policy.

While we conclude that the action of the learned trial judge was entirely justified, we also conclude that in the peculiar circumstances of this case the plaintiff should be afforded a new trial."

An application for rehearing was denied but a special form of mandate was ordered to be submitted providing for a new trial below "on condition that the plaintiff pay to the defendant, within such time as may be directed below, disbursements in the amount of $317.50."

We agree that there should be a new trial but not for the reasons stated by the Appellate Division or on the condition as fixed which was challenged by the plaintiff-respondent in its cross petition for certification.

A mistake in judgment by an attorney as to the theory of his cause of action or his burden of proof with respect thereto is ordinarily not comprehended within the meaning of the terms "mistake, inadvertence, surprise, or excusable neglect" as used in *R. R.* 4:62–2. This would give litigants a most dangerous license to experiment with the administration of justice. *Warner v. Warner,* 31 *N. J. Eq.* 549 (*Ch.* 1879); *McDowell v. Perrine,* 36 *N. J. Eq.* 632 (*E. & A.* 1883); *Apgar v. Altoona Glass Co.,* 92 *N. J. Eq.* 352 (*Ch.* 1921); *Grbac v. Bodone,* 116 *N. J. Eq.* 431 (*Ch.* 1934); *Mayflower Industries v. Thor Corporation,* 17 *N. J. Super.* 505 (*Ch. Div.* 1952). *Cf. N. J. Highway Authority v. Renner,* 18 *N. J.* 485 (1955).

The case of *Devlin v. Surgent,* 18 *N. J.* 148 (1955), is distinguishable because a summary judgment in the case was entered on motion and affidavits, and we found that a disputed

question as fact was raised thereby which necessarily had to be resolved at a plenary hearing.

In *Lertch v. McLean,* 18 *N. J.* 68 (1955), we held that a mistake in judgment on the part of trial counsel was insufficient to call for the correction of a judgment under *R. R.* 1:5–3(*c*) in the absence of a showing that a substantial right of a party was affected thereby.

Here both the learned trial judge and the Appellate Division correctly ruled against the contention of the plaintiff's attorney that the plaintiff was entitled to a judgment of $2,288 under the terms of the policy without submitting any proof of value.

But it did not follow from such ruling that a judgment of dismissal should be entered on a motion of the defendant at the close of the plaintiff's case. The fact of the loss of the large stone from the ring was established and that the insurer had refused to indemnify the loss, except on its terms. This established a breach of the contract and at this stage of the case, the plaintiff was entitled to at least a judgment for nominal damages. *Van Schoick v. Van Schoick,* 76 *N. J. L.* 242 (*Sup. Ct.* 1908); *Car & General Insurance Corp. v. Davimos,* 12 *N. J. Misc.* 569, 570 (*Sup. Ct.* 1934), affirmed 114 *N. J. L.* 192 (*E. & A.* 1935). Further, there was a definite probability that deficiency in proofs, relied on by the trial judge for his action, *viz.,* the reasonable cost of restoring the ring to its former value could or would have been supplied by the defendant's proofs. *Dreyer v. Century Ins. Co.,* 117 *N. J. L.* 134 (*E. & A.* 1936).

It was this ruling which substantially affected the right of the plaintiff when it foreclosed the possibility of the required proofs being supplied. Since this was an error on the part of the court, *Warner v. Warner, supra,* it calls into play the appellate power of correction embodied in *R. R.* 1:5–3(*b*)(*c*). Therefore, since the necessity for a new trial was not the sole responsibility of the plaintiff or her counsel, costs should abide the event.

The judgment of the Appellate Division is modified to this extent only and as so modified is affirmed and the cause is

remanded to be proceeded with in accordance with the views expressed in this opinion.

No costs.

HEHER, BURLING and JACOBS, JJ., concurring in result

*For modification*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice WACHENFELD—1.