53 N.J. Super. 128 (1958)
146 A.2d 698
MARY SCHULT AND JOHN SCHULT, PLAINTIFFS-APPELLANTS,
v.
H. & C. REALTY CORPORATION, DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF,
v.
BETTY SANBERG, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1958.
Decided December 9, 1958.
*129 Before Judges PRICE, SCHETTINO and GAULKIN.
*130 Mr. Bernard Chazen argued the cause for plaintiffs-appellants (Mr. Nathan Baker, of counsel; Mr. Henry Shiffman, attorney).
Mr. Raymond L. Cunneen argued the cause for defendant-respondent (Mr. Hugh J. O'Gorman, on the brief).
The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiffs in a negligence action seek to reverse a Superior Court, Law Division, judgment of no cause for action entered on a jury verdict and to reverse the denial of a motion for a new trial. Plaintiffs contend that the trial court committed prejudicial error in permitting the filing of a third-party complaint and erred also in portions of its charge to the jury and in its refusal to charge as requested by plaintiffs.
Plaintiffs, who are husband and wife, were tenants of a third-floor apartment in a four-story apartment building in Jersey City owned by defendant H. & C. Realty Corporation. Plaintiff Mary Schult sought damages for personal injuries allegedly sustained as the result of a fall on a common stairway in defendant's building. The complaint alleged that she fell as the result of slipping on "some foreign substance or food stuffs which were lying on the floor of the landing between the third and second floors." She testified that she stepped into something which "felt very slimy," her "feet slipped" and she "fell down a whole flight of steps." Plaintiffs alleged that the landlord was negligent in failing "to keep the stairway in said building in a reasonably safe condition"; that the landlord had constructive notice of the dangerous condition caused by the presence of the foreign substance on the stairway and neglected to remedy it. The existence of a nuisance was alleged also. Plaintiff John Schult sued per quod.
Defendant over the objection of plaintiffs obtained leave of court to file a third-party complaint against one Betty Sanberg, another third-floor tenant of said building. The order permitting the filing of such third-party complaint *131 recited that said Betty Sanberg "is or may be liable to Defendant for all or part of Plaintiff's claims against this Defendant."
The third-party complaint varied substantially from the usual form of a complaint of this nature. It alleged that on June 10, 1956 Mrs. Sanberg "negligently spilled some baby food, or other liquid matter" on the steps or landing; that Mrs. Schult was allegedly injured as the result of a fall caused by the presence of such substance; that her fall was due to the failure of Mrs. Sanberg to "clean up said baby food or other liquid matter"; that Mrs. Sanberg failed to notify the third-party plaintiff of the presence of the foreign matter on the stairway. Said third-party complaint concluded with the following further statements:
"This defendant and third party plaintiff feels that unless the said Betty Sanberg is also made a party to the action, of plaintiffs, it may be held liable to plaintiff for all or part of their said claim.
WHEREFORE this defendant and third party plaintiff prays that the said Betty Sanberg be joined in this action to answer in damages to said plaintiffs for all or a part of their said claim and relieve this defendant from same."
The third-party complaint sought no direct relief in favor of H. & C. Realty Corporation against Betty Sanberg either by way of contribution, indemnity or otherwise. It was not in conformity with the third-party procedure contemplated by the applicable rules.
The pretrial order in which all counsel participated set forth the contentions of plaintiffs in substantial conformity with the complaint. Defendant contended that it was not negligent or guilty of maintaining a nuisance. It alleged contributory negligence and assumption of risk and asserted that such injuries as plaintiff Mary Schult may have suffered were due to the negligence of the third-party defendant Betty Sanberg. The latter denied any negligence and denied that she owed any duty to plaintiffs. The pretrial order contained no statement with reference to contribution to the landlord or his indemnification by the third-party defendant. It was never amended. It controlled the trial's course. Lertch v. McLean, 18 N.J. 68, 73 (1955).
*132 At the trial the proofs disclosed that during the afternoon of Sunday June 10, 1956 Mrs. Sanberg was carrying her 13-month-old child down the stairway from her apartment. While so engaged she dropped a glass jar containing baby food on the landing between the second and third floors. The jar broke and its contents spilled. She pushed the mixture of food and broken glass aside with her foot and continued down the stairs where she related the occurrence to her husband, who had preceded her. He returned immediately to the scene and partially removed the substance with a rag. Such glass as he collected he deposited in a garbage can.
Plaintiff Mrs. Schult testified that as she was descending the stairway between 9 and 9:15 the next morning and had reached the landing between the second and third floors she stepped on something which felt very slippery. As a result she fell and sustained the injuries for which she sought compensation.
The record before us further reveals that on June 10 plaintiff had descended the same stairway at 3:30 P.M. and ascended it at 8 P.M.; that at the latter hour she observed a broken jar of baby food which had been pushed on the landing toward the corner. She made no further use of the stairs until the happening of the accident on Monday morning.
The superintendent of the apartment house testified that the halls and single common stairway were usually cleaned every other day; that one of the regular cleaning days was Saturday; that the stairway had been cleaned on Saturday, June 9, 1956; that no cleaning was done on Sundays except in the event of an emergency; and that he had not learned of the incident of the broken food jar until after the accident.
The superintendent further testified that in response to a telephone call from Mrs. Schult between 9 and 10 A.M. on Monday he went to the landing in question and met her. She told him that she had fallen. He inspected the landing and found particles of glass in the corner, with some substance "stuck on the glass." He further testified that on *133 the landing it was "practically dry" and "dirty"; that there was baby food on the steps and it "was dried up on the landing"; that there was evidence of baby food having been spilled there; that "it was all smeared up and dry on the landing"; and "there was a big blotch that wasn't touched on about the second or third stair from the landing." He cleaned the steps and landing with a wet rag and then with a dry one.
On this appeal plaintiffs assert initially that the trial court erred in permitting the defendant to file a third-party complaint because under R.R. 4:14-1 such right is given only to a defendant against a person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him * * *." They note that the third-party complaint did not allege that the "third party defendant was in any way actually or potentially liable to the third party plaintiff for all or part of plaintiff's claim," nor was there any such allegation in the pretrial order. Plaintiffs further say in their brief that the "apparent theory of the third party complaint was that the third party defendant was solely responsible to the plaintiff and only the third party defendant could be answerable to the plaintiff in damages"; that no claim was made in the third-party complaint for indemnification of the third-party plaintiff, nor any claim as against a joint tortfeasor therein asserted; "in short no cause of action was alleged which was properly the subject of a third party action."
Plaintiffs' brief further states that plaintiffs did not allege liability against Mrs. Sanberg; that as far as their action was concerned it was immaterial who dropped the baby food on the landing, and that they made no claim against the third-party defendant. They contend that the procedure followed was prejudicial to plaintiffs because it made it appear to the jury that plaintiffs were attempting recovery against a defendant whom they had not named; that "the third party plaintiff had no authority to provide plaintiff with an extra defendant."
*134 Continuing their criticism of the trial court's action, they assert that the error was rendered more grievous because of the court's charge to the jury.
The court in its charge explained to the jury that the defendant H. & C. Realty Corporation had named Mrs. Sanberg as a third-party defendant, but it then added:
"* * * So you have Mrs. Schult suing H and C Realty [H. & C. Realty Corporation] and Betty Sanberg in effect.

* * * * * * * *
Now I have told you the plaintiff, who brings this action, has the burden of proving to your satisfaction that what she says is so, namely that these defendants were negligent and that their negligence was the proximate cause of the accident and resultant injuries. The burden of proving that rests upon her. If she does not prove it she cannot recover.

* * * * * * * *
If she had an accident and if she is to recover from somebody, she must establish that somebody is legally liable to pay her damages for that accident.

* * * * * * * *
If you feel she is entitled to a recovery against someone, then you must proceed to a determination of the persons or parties against whom she is entitled to recover. You have two parties to consider. You will then distinguish between the corporation and individual defendant, Betty Sanberg, brought in by the defendant corporation as a third party defendant. So you must consider then, if she is entitled to recover, against whom she is entitled to recover. In that connection you could find she is entitled to recover against the corporation or entitled to recover against Betty Sanberg or entitled to recover against them both; * * *."
Later in its charge the trial court, referring to possible verdicts which might be returned, said:
"* * * Then you must announce whether you find it against the defendant H and C Realty Corporation [H. & C. Realty Corporation] only or whether you find it against Betty Sanberg only or whether you find it against both of them.
If you find that Mary Schult and John Schult have no cause for action, you will say, `We find a verdict of no cause for action in favor of the H and C Realty Corporation [H. & C. Realty Corporation] and Betty Sanberg and against the plaintiffs, a verdict of no cause for action.'"
The foreman announced the jury's verdict as follows:
"We the jury find no cause for action against either defendant by Mrs. Schult or Mr. Schult."
*135 There is no doubt that the designation of Mrs. Sanberg as a third-party defendant and the subsequently expressed concept of her status were erroneous. It is equally apparent, as above stated, that the third-party complaint was not in conformity with the third-party procedure outlined in the rules. The court's charge, which placed Mrs. Sanberg in the category of an original defendant against whom plaintiffs had the burden of establishing negligence, was likewise erroneous. Plaintiffs, however, made no objection to the charge which asserted that they were seeking recovery from the third-party defendant or the original defendant or both, and by which charge they were burdened with the proof of a claim which they did not assert originally.
Plaintiffs now ask us pursuant to R.R. 1:5-3(c), R.R. 2:5, to notice plain error in the above actions of the trial court. However, as the result of our request made during the course of the oral argument we have been furnished with a transcript of the openings and summations of counsel. It reveals that in his opening address to the jury plaintiffs' then counsel sought recovery against H. & C. Realty Corporation only. In his summation he initially explained Mrs. Sanberg's status as a third-party defendant, repudiated any desire for a verdict against her in favor of plaintiffs, stated that his clients were seeking recovery against the landlord only, but he then said to the jury:
"I think they are doing everything to make this case confusing to you. I know you are intelligent enough and have listened to it. I am very grateful that you gave this case your time and attention, and in passing let me say this. We are suing the landlord for the damages that my client sustained as the result of a fall in this apartment. The defendant landlord joined the tenant, Mrs. Sanberg, not with our consent; but she having been brought in here under the law you either bring in a verdict, if you feel my client is entitled to money, against the corporation, against Mrs. Sanberg or against both. Either or both, to me it is immaterial."
In view of this position taken at the trial, plaintiffs are not justified in asking us to notice "plain error" in the trial court's concept of the relationship between plaintiffs *136 and the third-party defendant and as a result to reverse the judgment. They assert in their brief: "The basic issues in this case were erroneously conceived, erroneously presented and erroneously decided." Plaintiffs ask us to reverse the judgment below for the reason asserted, despite the fact that as set forth above they asked specifically for a verdict against the landlord, Mrs. Sanberg, or both.
Our courts have applied the "plain error" rule in a variety of cases in which it was determined that the error prejudicially affected the substantial rights of the aggrieved party. The cases uniformly recognize that the rule is to be sparingly employed, Valls v. Paramus Bathing Beach, Inc., 46 N.J. Super. 353 (App. Div. 1957); that the importance and significance of R.R. 4:52-1 is to be recognized; that ordinarily failure to object to the charge of the court will preclude criticism thereof on appeal, Buccafusco v. Public Service Elec. & Gas Co., 49 N.J. Super. 385, 392 (App. Div. 1958); Grammas v. Colasurdo, 48 N.J. Super. 543, 548 (App. Div. 1958); Gebhardt v. Public Service Coordinated Transport, 48 N.J. Super. 173, 179, 180 (App. Div. 1957); Harpell v. Public Service Coordinated Transport, 20 N.J. 309, 318 (1956); Lertch v. McLean, supra (18 N.J. at page 74); Peter W. Kero, Inc., v. Terminal Construction Corp., 6 N.J. 361, 371 (1951).
Recognition in an appropriate case of the existence of "plain error" affecting substantial rights and justifying the discretionary action permissible under R.R. 1:5-3(c) does not require such action where the allegedly aggrieved party not only did not object but at trial urged the precise course of action which on appeal he labels "plain error." Such is the case now before us. To apply the plain error rule under these circumstances would be unwarranted. We decline to disturb the judgment on that ground.
Plaintiffs further seek reversal of the adverse judgment because of alleged error in the court's charge in the matter of notice of the alleged dangerous condition of the stairway and landing as a result of the foreign substance thereon. The criticized portion of the charge was as follows:
*137 "My recollection of the facts is that no one specifically gave the landlord or its agent, Mr. Lipchus, notice. So that here the question is: Did the condition exist long enough so that he would have substantial notice or constructive notice of a defective or dangerous condition on the stairway? If he did not, then, of course, the landlord cannot be responsible."
Later the court said:
"* * * You have heard a lot about notice. Of course notice is part of the question of negligence with respect to the defendant's operation of his premises. * * *
You have here a question whether notice was carried to the owner. There is no proof that actual notice was carried. The substantial question is whether the condition existed long enough so as to carry substantial notice to the owner even though he did not get direct notice. I think you should consider that, too."
No objection was made to this portion of the charge pursuant to R.R. 4:52-1. Plaintiffs now claim it was erroneous, primarily because of the use of the word "substantial"; that it should be noticed by us as "plain error," pursuant to R.R. 1:5-3(c); and that we should reverse the judgment for that reason. We decline to do so. This was not such an error as affected the substantial rights of the plaintiffs. The trial judge had suggested that actual notice was not involved. In this he was correct. It is clear that the judge by employing the alternative "or" used "substantial notice" as the equivalent of constructive notice in the first quoted portion of his charge. His use of the word "substantial" was not apt but his charge placed no increased burden on plaintiffs. It is clear that having already negatived the existence of actual notice, the court did not use the word "substantial" as meaning "actual," and its use as an alternative for the word "constructive," in view of the context, cannot be deemed prejudicial to plaintiffs.
Plaintiffs next assert the court erred in failing to charge that, as the stairway was the only means of entrance and exit to and from plaintiffs' apartment, the element of assumption of risk was eliminated. The record before us contains no specific request by plaintiffs so to charge pursuant *138 to R.R. 4:52-1. The record simply shows that after the charge plaintiffs' lawyer addressed the court as follows:
"The Court did not charge where this is the only exit to and from the building that would wipe out the assumption of risk. It is the only way she can get out."
The court refused to amplify its charge in this regard and plaintiffs now assert it erred in such refusal. Plaintiffs cite the case of Scheirek v. Izsa, 26 N.J. Super. 68 (App. Div. 1953), in support of their position.
The cited case is one in which the plaintiff, a tenant, sought recovery of damages from his landlord for injuries resulting from a fall on a stairway allegedly defective. The trial court had granted a motion for a judgment of involuntary dismissal at the end of plaintiff's case on the finding that plaintiff had voluntarily assumed a known risk. No question of the propriety of a charge was before the appellate tribunal. The cited case indicates that the fact that only one stairway was available for the common use of the tenants of the defendant was said by this court to be a circumstance to be considered by the jury in assessing the "alleged voluntary character of the plaintiff's conduct." The case simply holds that the facts and legitimate inferences therefrom were for the jury's consideration.
In the case at bar the above-quoted comment of counsel, even if it be considered as an oral request to charge, was incorrect and was properly refused. Long before the trial plaintiffs knew that defendant was stressing the issue of assumption of risk. Plaintiffs should have prepared and presented a proper request to charge with reference thereto. Indeed, plaintiffs could well have argued that the evidence did not warrant any charge on assumption of risk. Plaintiffs did neither. It is not the function of an appellate court to retry cases on grounds which counsel did not present at the trial.
Affirmed.