KETHLEDGE, Circuit Judge.
*625 The parties appeal and cross-appeal the district court's decisions as to the defendants' liability under a collective-bargaining agreement. Of more immediate concern to us here, however, is whether the district court's judgment was final for purposes of appellate jurisdiction. We hold it was not.
Local 392 of the Plumbers, Pipe Fitters & Mechanical Equipment Service Union sued Genesis Mechanical (Mechanical), Genesis Mechanical Services (Services), and Genesis Mechanical Services, Inc. (Genesis Corp.), claiming that all three had violated the union's collective-bargaining agreement by failing to forward to the union certain monies per the terms of the CBA. Specifically, Local 392 alleged that Mechanical was a signatory to the CBA and that Services and Genesis Corp. were bound by the CBA as alter egos of Mechanical. On summary judgment, the district court held that all three companies were bound by the CBA and thus liable for unpaid monies per its terms. Services and Genesis Corp. (but not Mechanical) then filed a notice of appeal. Later, upon reconsideration, the district court held that Mechanical and Services were bound by the CBA but that Genesis Corp. was not. Local 392 then filed a notice of appeal as to that order.
At that point, however, the district court had not determined the amount of damages to which Local 392 was entitled. That meant its orders in the case were not final for purposes of appellate jurisdiction under 28 U.S.C. § 1291. See Page Plus of Atlanta, Inc. v. Owl Wireless, LLC , 733 F.3d 658, 660 (6th Cir. 2013). The parties (excepting Mechanical) wanted to proceed with their appeals anyway, so they agreed to entry of a "Stipulated Judgment Order" by which Mechanical and Services would pay Local 392 about $45,000 in damages. The Order rather candidly recited that "the parties agree to the entry of this judgment for the sole purpose of proceeding with the appeal," and recited further that "none of the parties are waiving any rights or arguments in any subsequent proceedings, appeals, and/or further proceedings before the District Court and/or the United States Court of Appeals for the Sixth Circuit with respect to any issues, including but not limited to the amount of the damages to which the Plaintiffs are entitled to recover[.]" Order at 2-3. The district court then entered the Order and the parties proceeded to file their briefs in these appeals.
We thereafter ordered the parties to submit supplemental briefing as to why their notices of appeal were not premature and, more to the point here, why the Stipulated Judgment Order was final for purposes of § 1291. In that briefing the parties agreed that the Order was final; but that issue is jurisdictional and thus we must decide it for ourselves. See Daleure v. Kentucky , 269 F.3d 540, 543 (6th Cir. 2001).
"Under § 1291 of the Judicial Code, federal courts of appeals are empowered to review only 'final decisions of the district courts.' " Microsoft Corp. v. Baker , --- U.S. ----, 137 S.Ct. 1702, 1707, 198 L.Ed.2d 132 (2017) (quoting 28 U.S.C. § 1291 ). A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."
*626 Catlin v. United States , 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).
The finality requirement reflects the general rule that "the whole case and every matter in controversy in it must be decided in a single appeal." Microsoft , 137 S.Ct. at 1712 (brackets and internal quotation marks omitted). Title 28 U.S.C. § 1292(b) and Civil Rule 54(b) present limited exceptions to that general rule. See Page Plus , 733 F.3d at 660. But a stipulated order that leaves open the possibility of "piecemeal appeals" is not final. Id . at 659.
That is exactly what the Stipulated Judgment Order leaves open here. If we reverse any of the district court's decisions as to liability, the parties (per the Order's terms) are then free to litigate "any issues" on remand, Order at 3, and later to bring another appeal as to the court's decisions regarding those. The point of the finality requirement, in contrast, is to make the parties bring all of their issues-liability, damages, and whatever else they choose to litigate-in a single appeal. Indeed the Order here does not even conclusively resolve the single issue that it purports to resolve-namely, Local 392's damages arising between January 2010 and August 2011-because the Order specifically reserves the parties' right to litigate "the amount of the damages to [sic] which the Plaintiffs are entitled to recover[.]" Id. The Stipulated Judgment Order would thus "let the parties pause the litigation, appeal, then resume the litigation" on whatever issues they like if we reverse. Page Plus , 733 F.3d at 660. Hence the Order was not final.
That this litigation potentially would come to a close if we affirmed the district court's decisions makes no difference. What matters is that the "potential for piecemeal litigation" remains if we do anything but affirm. Microsoft , 137 S.Ct. at 1713. Moreover, as in Microsoft and Page Plus , the Order here, if deemed final, would allow the parties to circumvent the limitations that § 1292(b) and the Civil Rules place upon interlocutory appeals. See Microsoft , 137 S.Ct. at 1714-15 ; Page Plus , 733 F.3d at 661. For that reason too it is not final.
The appeal and cross-appeal are dismissed for lack of jurisdiction.