**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1873

ERIN KEENA, for herself and all others similarly situated,

Plaintiff – Appellant,

v.

GROUPON, INC., a Delaware Corporation,

Defendant – Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:15-cv-00520-GCM)

Argued: January 24, 2018                                      Decided: March 27, 2018

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

Dismissed by published opinion. Judge King wrote the opinion, in which Chief Judge Gregory and Judge Harris joined.

**ARGUED**: Daniel Chappell Flint, LAW OFFICES OF DANIEL C. FLINT, PC, Southfield, Michigan, for Appellant. Scott Thomas Schutte, MORGAN LEWIS & BOCKIUS, LLP, Chicago, Illinois, for Appellee. **ON BRIEF**: Jonathan A. Berry, Washington, D.C., Gregory T. Fouts, MORGAN, LEWIS & BOCKIUS LLP, Chicago, Illinois, for Appellee.

KING, Circuit Judge:

Erin Keena desires relief from a district court ruling in the Western District of North Carolina that requires her to arbitrate claims alleged in her complaint against Groupon, Inc. After the court ordered the parties to arbitrate, Keena moved to amend the arbitration order to include, inter alia, a provision dismissing her complaint with prejudice. The court acceded to that aspect of Keena's motion and dismissed with prejudice. Keena has appealed from the dismissal. As explained below, because the voluntary dismissal of her complaint is not an appealable final decision under 28 U.S.C. § 1291, we lack jurisdiction and must dismiss Keena's appeal.

I.

A.

In February 2015, plaintiff Keena purchased a voucher for massage services from Groupon, a web-based entity that partners with other businesses to provide discount products and services to customers. In making her purchase, Keena entered into a form agreement that required her to resolve any disputes with Groupon through arbitration. When Keena was unable to redeem her Groupon voucher, she sought reimbursement and received an electronic certificate called "Groupon Bucks." The certificate, however, could only be used to purchase goods and services on Groupon's website.

Nearly a year later, Keena — individually and on behalf of a putative class of similarly-situated plaintiffs — filed this civil action against Groupon. The complaint alleged claims against Groupon on the basis of its reimbursement policy. Groupon

responded by invoking the arbitration clause in its agreement with Keena and moved to enforce that clause. The district court agreed with Groupon and ordered the parties to arbitrate. *See Keena v. Groupon, Inc.*, 3:15-cv-00520 (W.D.N.C. June 21, 2016), ECF No. 32 (the "Arbitration Order"). The court did not reach or address any class certification issues, but instead stayed all further proceedings in Keena's lawsuit pending arbitration. *Id.* at 4-14.

A few weeks later, in July 2016, Keena moved to amend the Arbitration Order, requesting the district court to dismiss her complaint with prejudice. In making her dismissal request, Keena advised the court that she would not pursue arbitration because the costs of that process outweighed the potential recovery. In the alternative, Keena sought the court's approval for an interlocutory appeal of the Arbitration Order.

In disposing of Keena's motion to amend the Arbitration Order, the district court first declined to certify an interlocutory appeal under 28 U.S.C. § 1292(b).[1] The court agreed to amend the Arbitration Order, however, and granted Keena's request that her complaint be dismissed with prejudice. *See Keena v. Groupon, Inc.*, 3:15-cv-00520 (W.D.N.C. July 22, 2016), ECF No. 34 (the "Dismissal Order"). The court explained that "continuing to stay the proceedings serves no useful purpose," in view of Keena's

---

[1] Keena's motion to amend sought permission for an interlocutory appeal from the Arbitration Order pursuant to the "collateral order doctrine." The district court correctly recognized that doctrine as inapplicable, and was aware that an interlocutory appeal could only be taken from an order "granting a stay of [an arbitration] action" pursuant to 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b)(1). The court thus evaluated Keena's request for an interlocutory appeal under § 1292(b).

3

decision not to engage in arbitration. *Id.* at 3. Having failed to garner the district court's approval for an interlocutory appeal, but having secured the dismissal of her complaint with prejudice, Keena noted an appeal from the Dismissal Order. She contends that we possess final order jurisdiction pursuant to 28 U.S.C. § 1291.

B.

There are three theories of appellate jurisdiction that assist our analysis of the jurisdiction issue in this appeal. First, § 1291 vests the courts of appeals with jurisdiction in appeals "from all *final decisions* of the district courts of the United States." *See* 28 U.S.C. § 1291 (emphasis added). Put simply, absent a final decision of a district court, there is no jurisdiction in the court of appeals under § 1291.

As mentioned, Keena was denied an interlocutory appeal from the Arbitration Order under 28 U.S.C. § 1292(b). Section 1292(b) authorizes a district court to certify an otherwise non-appealable interlocutory order for immediate appellate review if two criteria are satisfied. First, the court must certify that the interlocutory order involves a "controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). Second, the court must also certify that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* If a district court has agreed to certify a § 1292(b) appeal, the appropriate court of appeals may thereafter exercise its discretion and approve a proper petition for appeal. With those criteria satisfied, the court of appeals can exercise its jurisdiction and review the question that is certified. *Id.*

4

In a third type of appeal that warrants a brief explanation, a litigant seeking appellate review of an order granting or denying class certification can invoke Rule 23(f) of the Federal Rules of Civil Procedure and seek permission to appeal from the appropriate court of appeals. *See* Fed. R. Civ. P. 23(f). In contrast to parties who are resisting arbitration, however — such as Keena in this case — a Rule 23(f) petitioner does not need a district court certification before petitioning for appeal in the court of appeals. *Id.*

## C.

In May 2017, we briefly placed this appeal in abeyance pending the Supreme Court's resolution of an issue that potentially impacted Keena's assertion of § 1291 appellate jurisdiction. *See Microsoft Corp. v. Baker*, 797 F.3d 607 (9th Cir. 2015), *cert. granted*, 84 U.S.L.W. 3214 (U.S. Jan. 15, 2016) (No. 15-457). Some background of that litigation and its resolution is pertinent here. Plaintiff Baker had filed a putative class action against Microsoft on behalf of owners of the Xbox 360. When the district court denied class certification, Baker sought appellate review pursuant to Rule 23(f). The court of appeals, however, denied Baker's Rule 23(f) petition for appeal. Baker's innovative lawyer then stipulated to a voluntary dismissal of his complaint with prejudice.

After the district court in Washington dismissed his complaint with prejudice, Baker pursued a final order appeal to the Ninth Circuit under 28 U.S.C. § 1291, seeking reversal of the district court's denial of class certification. Microsoft contested appellate jurisdiction, however, maintaining that Baker was — in the circumstances — not

5

appealing from a final decision under § 1291. The court of appeals disagreed with Microsoft, ruling that Baker's voluntary dismissal was nevertheless an appealable final decision. The Ninth Circuit vacated the district court's denial of Baker's class certification request and remanded for further proceedings.

The Supreme Court granted certiorari in *Microsoft* to address whether the Ninth Circuit had jurisdiction to review the district court's denial of class certification after Baker voluntarily dismissed his claims with prejudice. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1703 (2017). Justice Ginsburg — for a five-justice majority — explained that the order approving Baker's voluntary dismissal did not qualify as a final decision under § 1291. *Id.* at 1712-15. That is, the Court ruled that "§ 1291's firm final-judgment rule is not satisfied whenever a litigant persuades the district court to issue an order purporting to end the litigation." *Id.* at 1715. Justice Thomas, in a three-justice concurrence, agreed that the Ninth Circuit lacked jurisdiction, but would have directed a dismissal of the appeal for lack of Article III standing. *Id.* at 1715-17.

II.

A.

After the *Microsoft* decision was rendered, we secured supplemental briefing concerning its possible impact on Keena's appeal. In response, Groupon argued that *Microsoft* controls, and that we lack final decision jurisdiction under 28 U.S.C. § 1291. Keena countered, on the other hand, by arguing that the *Microsoft* case is distinguishable, and asserted that we possess § 1291 jurisdiction.

Like the plaintiff in *Microsoft*, Keena secured a voluntary dismissal of her complaint in order to seek an immediate appeal from an otherwise interlocutory order.[2] Justice Ginsburg's opinion in *Microsoft* rejected the nearly identical effort made in that case, characterizing Baker's appeal to the court of appeals as arising from a "voluntary-dismissal tactic" that contravenes the final-judgment rule embodied in 28 U.S.C. § 1291. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1703, 1712-15 (2017). Under the final-judgment rule, "the whole case and every matter in controversy in it must be decided in a single appeal." *Id.* at 1712 (quoting *McLish v. Roff*, 141 U.S. 661, 665-66 (1891)). Justice Ginsburg's rationale is instructive here, and provides an apt description of what occurred in Keena's effort to secure an immediate appeal.

B.

The *Microsoft* decision thoroughly explained how the voluntary-dismissal tactic deprived the court of appeals of § 1291 jurisdiction. For example, the Supreme Court recognized that Baker had usurped the Ninth Circuit's authority to decide whether to authorize an appeal from a class certification order. *See Microsoft*, 137 S. Ct. at 1714. Rule 23(f) of the civil rules vests the courts of appeals with discretion over when and whether to hear appeals from class certification orders. *See* Fed. R. Civ. P. 23(f). Under Baker's theory, however, a class plaintiff can ignore a court of appeals' denial of a Rule

_____

[2] Of note, Keena contends that she did not really dismiss her complaint voluntarily. Instead, she simply asked the district court, in the alternative, to amend its Arbitration Order to include a dismissal with prejudice. This is a distinction without a difference. On this record, Keena sought a dismissal with prejudice and her dismissal request was granted.

7

23(f) petition and voluntarily dismiss his complaint in the district court with prejudice in order to manufacture an immediate § 1291 final order appeal. *See Microsoft* 137 S. Ct. at 1714. Justice Ginsburg rejected Baker's effort to sidestep the "careful calibration" of Rule 23(f), explaining that plaintiffs in "putative class actions cannot transform a tentative interlocutory order into a final judgment within the meaning of § 1291 simply by dismissing their claims with prejudice." *Id.* at 1714-15.

In this situation, Keena also seeks to transform an otherwise interlocutory order into a § 1291 final decision. Under the arbitration statutes, a party seeking to appeal an order staying the action and compelling arbitration must first secure permission from both the district court and the court of appeals under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b)(1), (3). Keena unsuccessfully sought the district court's certification of an interlocutory appeal. Then, in another creative "voluntary-dismissal tactic," Keena's lawyer sought to preempt the denial of interlocutory review by voluntarily dismissing Keena's complaint with prejudice. As *Microsoft* emphasizes, however, the final-judgment rule will not tolerate that effort. To appeal from the Arbitration Order, Keena was obliged to participate in the arbitration proceedings and then secure a final judgment. In that circumstance, "§ 1291's firm final-judgment rule" would have been satisfied. *See Microsoft*, 137 S. Ct. at 1715.

Keena's voluntary-dismissal tactic also fails to account for the longstanding principle that a party is not entitled to appeal from a consensual dismissal of her claims. *See, e.g.*, *Evans v. Phillips*, 17 U.S. 73, 73 (1819) (dismissing writ of error on ground that plaintiff had "submitted to a nonsuit in the circuit court"); *United States v. Babbitt*, 104

8

U.S. 767, 768 (1881) (explaining that "consent to the judgment below" waived right to appeal). Put succinctly, in seeking to create final order § 1291 jurisdiction, Keena has, like the plaintiff in *Microsoft*, pursued her own version of the voluntary-dismissal tactic that the Supreme Court soundly repudiated. Our approval of such a tactic — by agreeing that final order § 1291 jurisdiction is present here — would thus contravene *Microsoft* and the long-settled principle that, in the wise words of our former Chief Judge John J. Parker, "no appeal lies from a judgment of voluntary nonsuit." *See Kelly v. Great Atl. & Pac. Tea Co.*, 86 F.2d 296, 297 (4th Cir. 1936).

## C.

Finally, Keena maintains that we should recognize appellate jurisdiction under *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000). In that case, plaintiff Randolph, as a borrower, sued his lender Green Tree. *Id.* at 83. Green Tree moved to compel arbitration and stay the proceedings or, in the alternative, to dismiss the complaint. *Id.* The district court agreed to compel arbitration, declined to stay the litigation, and dismissed Randolph's complaint with prejudice. *Id.* The Supreme Court granted certiorari to address whether "an order compelling arbitration and dismissing a party's underlying claims is a 'final decision with respect to an arbitration' . . . and thus . . . immediately appealable." *Id.* at 82. The Court ruled that the district court's dismissal of Randolph's complaint with prejudice on Green Tree's motion was an appealable final order under § 1291. *Id.* at 85-89. By an important qualifying footnote, however, the Court explained that "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable." *Id.* at 87 n.2.

9

Keena's effort to appeal in this case is readily distinguishable from *Green Tree*. First, the district court's Arbitration Order directed Keena and Groupon to arbitrate and stayed the proceedings. Second, Keena's complaint was dismissed with prejudice after she voluntarily sought the dismissal. In the *Green Tree* case, on the other hand, the defendant Green Tree — not the plaintiff Randolph — had sought the dismissal. The *Green Tree* decision thus does not present or address the propriety of the voluntary-dismissal tactic employed by Keena and that the Supreme Court squarely rejected in *Microsoft*.

## III.

In these circumstances, the Dismissal Order secured by Keena is not an appealable final decision under 28 U.S.C. § 1291. Appellate jurisdiction is therefore lacking and Keena's appeal must be dismissed.

*DISMISSED*

10