NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0429n.06

Case No. 17-4306

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

WELLS FARGO BANK, N.A., )
)
  Plaintiff-Appellee, )
)
v. )
)
ALLSTATE INSURANCE COMPANY, )
)
  Defendant-Appellant. )

FILED
Aug 21, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

**O P I N I O N**

BEFORE: SUTTON, McKEAGUE, and KETHLEDGE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Wells Fargo Bank owned an insurance policy on an abandoned home that an arsonist set ablaze. Allstate Insurance Company refused to indemnify Wells Fargo, relying on a policy exclusion for damage caused by "vandalism or malicious mischief" after the property has been vacant for 30 or more days. Wells Fargo sued, arguing that other policy provisions confirm that fire damage is considered distinct from vandalism or malicious mischief. The district court agreed with Wells Fargo and entered summary judgment in its favor. Allstate appealed—but prematurely, it turns out.

While the district court's summary judgment order determined that Allstate was on the hook for the arson damage under the terms of the policy, the district court failed to address other issues that remained in the case, most prominently Wells Fargo's demand for breach-of-contract

damages. That means the district court's decision did not constitute a final judgment under 28 U.S.C. § 1291, and so we must dismiss this appeal for lack of jurisdiction.

A brief review of how we got here is in order. The district court styled its judgment a final one under § 1291. And neither party to the case initially questioned the finality of the decision below. Section 1291's finality requirement, however, goes to this court's jurisdiction, meaning we must decide for ourselves whether the district court fully and finally resolved the dispute in its summary judgment order. *Daleure v. Commonwealth of Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001). Doubtful that the order did so—since it resolved only the liability, and not the damages, question—we asked the parties to provide their take on the matter through supplemental briefs.

Both parties in their briefing conceded that the district court's decision was not final. And though they offer some arguments and authority suggesting we can overlook this technical defect, we think doing so would risk piecemeal appeals in this case and would promote a similar practice in future cases.[1] We may answer the liability question today, only to review the damages issue tomorrow. That runs counter to both the letter and spirit of § 1291. *See Bd. of Trustees of Plumber, Pipe Fitters & Mech. Equip. Serv., Local Union No. 392 v. Humbert*, 884 F.3d 624, 626 (6th Cir. 2018) (stating that "a stipulated order that leaves open the possibility of piecemeal appeals is not final" (citation and quotation marks omitted)); *see also Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (stating that § 1291 "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice.").

---

[1] Both Wells Fargo and Allstate rely primarily on *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418 (6th Cir. 2008), for the proposition that this court can review a district court decision that is not final and was not certified as an interlocutory appeal. But *Pittman* (beyond being unpublished) involved dramatically different facts and serves as a poor guide in this case. Perhaps most importantly, the district court decision appealed from in *Pittman* fully resolved the claim against one of the defendants in a multi-defendant suit. *Id.* at 431. Not so here.

The parties admit the possibility of a successive appeal, yet assure us that we can keep the case since any remaining appeal would concern only the extent of damages. But there is no special exception to an appellate court's aversion to multiple appeals where the second appeal will be limited to damages. Indeed, we recently held just the opposite. *Humbert*, 884 F.3d at 626 ("The point of the finality requirement . . . is to make the parties bring all of their issues—liability, damages, and whatever else they choose to litigate—in a single appeal."). True, this rule is sometimes relaxed when the damages determination is all but foreordained and the district court need only do a bit of arithmetic. *See, e.g.*, *Griffin v. Michigan Dep't of Corr.*, 5 F.3d 186, 190 (6th Cir. 1993). This, however, is not such a case—not if we take each party at their word. *See* Wells Fargo's Supp. Br. at 3 (discussing need for evidentiary hearing on the amount of damages); Allstate's Supp. Br. at 4 (acknowledging that decision in Wells Fargo's favor "will require the district court to conduct a damages proceeding"). Wells Fargo has demanded an indeterminate amount of damages from Allstate, and the district court has to settle on an amount before we will hear an appeal. *See Humbert*, 884 F.3d at 626.

We dismiss the appeal for lack of jurisdiction.