# United States Court of Appeals for the Federal Circuit

---

**PRINCETON DIGITAL IMAGE CORPORATION,**
*Plaintiff-Cross-Appellant*

**v.**

**OFFICE DEPOT INC., J.C. PENNEY COMPANY, INC., QVC INC., SEARS HOLDINGS CORPORATION, LIMITED BRANDS INC., GAP, INC., WILLIAMS-SONOMA, INC., COSTCO WHOLESALE CORPORATION, NORDSTROM.COM LLC, NORDSTROM.COM INC., NORDSTROM INC.,**
*Defendants*

**ADOBE INC.,**
*Defendant-Appellant*

---

2017-2597, 2017-2598, 2017-2600, 2017-2602, 2017-2605, 2017-2606, 2017-2609, 2017-2611, 2017-2612, 2017-2627, 2017-2628, 2017-2629, 2017-2630, 2017-2631, 2017-2632, 2017-2633, 2017-2634, 2018-1006

---

Appeals from the United States District Court for the District of Delaware in Nos. 1:13-cv-00239-LPS, 1:13-cv-00287-LPS, 1:13-cv-00288-LPS, 1:13-cv-00289-LPS, 1:13-cv-00326-LPS, 1:13-cv-00330-LPS, 1:13-cv-00331-LPS, 1:13-cv-00404-LPS, 1:13-cv-00408-LPS, Chief Judge Leonard P. Stark.

---

Decided:  January 22, 2019

---

GEORGE PAZUNIAK, O'Kelly, Ernst, & Bielli, LLC, Wilmington, DE, argued for plaintiff-cross-appellant.

TARA ELLIOTT, Latham & Watkins LLP, Washington, DC, argued for defendant-appellant.  Also represented by RACHEL WEINER COHEN.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

DYK, *Circuit Judge.*

The parties appeal and cross appeal from various rulings by the U.S. District Court for the District of Delaware in a patent and breach of contract dispute.  Because there was no final decision on the merits, we dismiss the appeal for lack of jurisdiction.

### BACKGROUND

Princeton Digital Image Corporation ("PDIC") owns U.S. Patent No. 4,813,056 ("the '056 patent"), which relates to methods for encoding image data and allegedly covers the encoding of digital images in the JPEG file format.  In June 2011, PDIC licensed the '056 patent to Adobe, Inc.  In the license agreement, PDIC promised not to sue Adobe or Adobe's customers for claims arising "in whole or part owing to an Adobe Licensed Product."  J.A. 1538–39.

Beginning in December 2012, PDIC sued numerous customers of Adobe, alleging that the encoding of JPEG images on the customers' websites infringed claims of the '056 patent.  In November 2014, Adobe moved to intervene to defend nine of its customers, contending that its

customers were using Adobe products to display images on their websites, which was covered by PDIC's license to Adobe. The district court granted Adobe's motion to intervene on May 5, 2015.

On May 8, 2015, Adobe filed a complaint in intervention, asserting that PDIC breached its license agreement with Adobe by suing Adobe's customers. For this breach of contract claim, Adobe sought damages consisting of (1) its attorneys' fees expended in connection with defending its customers and responding to customers' indemnity requests and (2) its fees expended in bringing the breach of contract claim itself.

By July 31, 2015, PDIC had dismissed each of the infringement actions brought against Adobe's customers in which Adobe had intervened. Adobe moved for attorneys' fees under 35 U.S.C. § 285, which permits an award of attorneys' fees to the prevailing party in "exceptional cases," and for sanctions under Federal Rule of Civil Procedure 11. The district court denied both fees and sanctions. As to § 285 fees, the district court concluded that it "cannot determine at this time whether PDIC or Adobe is the prevailing party." J.A. 26. Assuming that Adobe was the prevailing party, the court found that the case was "exceptional" in that it "stand[s] out from the rest," J.A. 39–40, but that in its discretion, it would deny the request for attorneys' fees because the conduct was not "*so* exceptional," J.A. 41 (emphasis in original) (citation omitted). As to Rule 11 sanctions, the court concluded that it "cannot say that PDIC's pre-suit investigation was inadequate or that any filing was made for any improper purpose." J.A. 42.

Litigation continued on Adobe's breach of contract claim. On August 1, 2017, the district court granted in part and denied in part PDIC's motion for summary judgment based on liability and damages. As to liability,

the court held that there were "genuine issues of material fact precluding summary judgment," because a "reasonable juror could accept Adobe's view that PDIC's infringement allegations . . . cover the use of Adobe products," which would violate the license agreement's covenant not to sue. J.A. 60. But as to damages, the court held that Adobe could only collect "defense" fees—"that is, those Adobe incurred in defending [its customers] from PDIC's infringement suit, suits that were brought in alleged violation of the covenant not to sue." J.A. 64. Adobe could not recover the fees that Adobe incurred "in attempting to vindicate its contract rights," that is, "any attorney fees Adobe incurred in the affirmative breach-of-contract suit." J.A. 64. The court ordered Adobe to file a supplemental report disclosing Adobe's defense fees. Adobe filed the supplemental report on August 7, 2017.

On August 17, 2017, the court struck Adobe's supplemental report because it did "not separate Adobe's defense fees from its affirmative fees" but instead "claim[ed] all fees as defensive so long as they were incurred while at least one Defendant (who requested indemnification) was still involved in litigation with PDIC." J.A. 82. The court concluded, however, that "there is sufficient evidence in the record to determine the amount of Adobe's fees that are purely defense fees," and therefore directed Adobe to file a letter disclosing the total amount of such fees and the record support for the claimed amount. J.A. 86–87. When Adobe filed its letter, however, the court struck it because it too "did not disclose a purely defensive number." J.A. 106.

The court nevertheless declined to grant summary judgment to PDIC on damages, explaining that it was "undisputed that some amount of Adobe's legal fees are purely defensive." J.A. 106. It ruled that Adobe would be permitted to present a purely defensive number to the

jury, but Adobe would have to disclose that number to PDIC before opening statements.

In an effort to secure an appealable decision, Adobe then requested that the court enter judgment in favor of PDIC, contending that in light of the court's rulings, "Adobe doesn't have damages to present," which Adobe contended was "an element of what is to be tried." Tr. of Pre-Trial Conference at 67:23–24, *Princeton Digital Image Corp. v. Office Depot Inc.*, No. 1:13-cv-00239-LPS (D. Del. Sept. 1, 2017), ECF No. 281. The court reiterated its conclusion "that there are purely defensive damages that can be proven on this record," but granted Adobe's request and entered judgment in favor of PDIC. J.A. 106–08.

Adobe appeals, contending that the district court erred in (1) not awarding fees under § 285 and sanctions under Rule 11; (2) limiting the damages for Adobe's breach of contract claim; and (3) refusing to compel PDIC to produce additional documents (regarding PDIC's pre-suit investigation and litigation conduct) that Adobe asserted were encompassed within PDIC's waiver of attorney-client privilege.

PDIC cross appeals, contending that the district court erred in imposing two monetary sanctions on PDIC. The sanctions required PDIC to pay Adobe's attorneys' fees and costs in connection with (1) PDIC's failure to timely answer Adobe's complaint in intervention in one of PDIC's infringement cases against an Adobe customer; and (2) PDIC's failure to present a competent Rule 30(b)(6) witness for deposition.

## DISCUSSION

Adobe contends that we have jurisdiction under 28 U.S.C. § 1295 because this is an appeal "from a final decision of a district court." *Id.* § 1295(a)(1). "Section 1295's final judgment rule mirrors that of its counterpart

found at 28 U.S.C. § 1291." *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1292 (Fed. Cir. 2005) (quoting *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003)). The central question is whether the judgment entered by the district court at Adobe's request constitutes a final decision. We hold that it does not.

I

A

Generally, a final decision is a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "If a 'case is not fully adjudicated as to all claims for all parties,' there is no 'final decision' and therefore no jurisdiction." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (quoting *Syntex Pharm. Int'l, Ltd. v. K-Line Pharm., Ltd.*, 905 F.2d 1525, 1526 (Fed. Cir. 1990)).

At one time, several circuit courts recognized an exception to this rule, permitting an appeal from a denial of class certification if that denial sounded the "death knell" of the litigation. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469–70 (1978), *superseded on other grounds by rule as stated in Microsoft v. Baker*, 137 S. Ct. 1702, 1708–09 (2017). The rationale for this exception was that "without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his lawsuit to a final judgment and then seek appellate review of an adverse class determination." *Id.* Thus, under this doctrine, appealability turned on whether the plaintiff had an "adequate incentive to continue" litigating. *Id.* at 471.

The Supreme Court in *Coopers & Lybrand* rejected the death knell doctrine. *Id.* at 476. "[T]he fact that an

interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision' within the meaning of § 1291." *Id.* at 477. Otherwise, many "other kinds of interlocutory orders" that "create the risk of a premature demise" of a plaintiff's economic incentive to continue litigating would become appealable as a matter of right. *Id.* at 474. The Court held that the order decertifying the plaintiffs' class was not a final decision and therefore not appealable. *Id.* at 464–65.

More recently, in *Microsoft v. Baker*, the Supreme Court again addressed appellate jurisdiction in the context of an adverse class determination. There, following the denial of class certification, plaintiffs took an additional step that the *Coopers & Lybrand* plaintiffs did not: they dismissed with prejudice their individual claims while reserving the right to revive their claims if the certification decision were reversed, and then sought to appeal the denial of class certification. 137 S. Ct. at 1706–07. The Court held that this "voluntary-dismissal tactic" "subverts the final-judgment rule" and "does not give rise to a 'final decision' under § 1291." *Id.* at 1712–13 (brackets omitted). The Court reasoned that treating every voluntary dismissal as a final decision would impermissibly "allow indiscriminate appellate review of interlocutory orders." *Id.* at 1714.[1]

---

[1] The Court distinguished its earlier decision in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680–81 (1958), where the district court ordered the government, as plaintiff in a civil antitrust action, to produce a grand jury transcript to the defendants. At the government's request, the district court amended the order to provide that if the government did not produce the transcript, the complaint would be dismissed. *Id.* at 679. The

Contrary to Adobe's argument, although the Supreme Court in *Microsoft* relied in part on the conflict between allowing the appeal and the limited appeal right in the class action context, *id.* at 1714–15, we think that *Microsoft*'s reasoning extends beyond that context. Following *Microsoft*, other courts of appeals have applied its holding in cases not involving a denial of class certification. In *Keena v. Groupon, Inc.*, 886 F.3d 360 (4th Cir. 2018), the plaintiff voluntarily dismissed her claims after the district court ordered her to arbitrate, because in her view "the costs of that process outweighed the potential recovery." *Id.* at 362. The Fourth Circuit held that the order to arbitrate was not a final decision under *Microsoft* and thus not appealable. *Id.* at 364.

In *Board of Trustees of the Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392 v. Humbert*, 884 F.3d 624, 625 (6th Cir. 2018), the district court held that certain defendants were liable to a union under a collective bargaining agreement. The defendants attempted to facilitate an immediate appeal as to liability by stipulating to damages. *Id.* However, the stipulated judgment order also provided that "none of the parties are waiving any rights or arguments in any subsequent

---

government refused to produce the transcript and the court dismissed the complaint. *Id.* at 679–80. Although the government could have obtained an appeal of the production order "by the route of civil contempt," the Court treated the voluntary dismissal as final under the circumstances, noting that this avoided "any unseemly conflict with the District Court." *Id.* at 680. The Court in *Microsoft* distinguished *Procter & Gamble* because "that case—a civil antitrust enforcement action—involved neither class-action certification nor the sort of dismissal tactic at issue here." 137 S. Ct. at 1715 n.11. Adobe does not contend that this case is similar to *Procter & Gamble*.

proceedings . . . including but not limited to the amount of the damages." *Id.* The Sixth Circuit held that because this order "specifically reserve[d] the parties' right to litigate 'the amount of the damages'" in future proceedings, it did not "conclusively resolve" even the issue of damages and hence was not a final judgment for the plaintiff under *Microsoft*. *Id.* at 626.[2]

B

In an attempt to distinguish *Microsoft* and the cases following it, Adobe argues that the district court's damages rulings here are unlike the denial of class certification in *Microsoft*, and instead are "akin to an unfavorable claim construction ruling, after which a party may stipulate to judgment of non-infringement to facilitate an immediate appeal." Appellant's Reply Br. at 3. As in the claim construction context, Adobe maintains, the district court's order here "meant that Adobe's claim was effectively dismissed." *Id.* at 4.

We disagree. Under our precedent, to be appealable a claim construction order must preclude a finding of infringement—a required element of the plaintiff's cause of action. Such preclusion of infringement may be established by the patent owner's binding admission that the accused activities are not infringing under the adopted claim construction. But where a claim construction order does not resolve the issue of infringement, it is not a final decision, and, accordingly, is not appealable. *See Taylor Brands, LLC v. GB II Corp.*, 627 F.3d 874, 877 (Fed. Cir.

---

[2]　*But see Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1236 (10th Cir. 2018) ("We read *Microsoft* as addressing the narrow situation where a hopeful class action plaintiff uses a stipulation of dismissal as a tactic to overcome the limitations placed on appellate jurisdiction by 28 U.S.C. § 1291.").

2010) (only "a stipulated final judgment after a dispositive ruling" is appealable); *see also Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006) ("[F]inal judgment in a patent case will usually produce a judgment of infringement or non-infringement. This court reviews claim construction only as necessary to reach that final judgment on an infringement cause of action."); *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("[I]mmediate appeal of an interlocutory claim construction ruling without a resolution of all of the factual issues of infringement or validity dependent thereon is often desired by one or both of the parties for strategic or other reasons. But, other than the accommodation for deferred accounting in 28 U.S.C. § 1292(c)(2), the rules of finality that define the jurisdiction of this court do not contain special provisions for patent cases or admit to exceptions for strategic reasons or otherwise . . . .").

Here the district court's damages rulings were not dispositive, as is required under *Microsoft*. In *Microsoft*, the interlocutory order denying class certification was not dispositive because the order did not resolve any element of the plaintiffs' claims on the merits. *See* 137 S. Ct. at 1710–11. *Microsoft* at least establishes that a voluntary dismissal does not constitute a final judgment where the district court's ruling has not foreclosed the plaintiff's ability to prove the required elements of the cause of action. This interpretation of *Microsoft* has been adopted by the other circuits that have followed *Microsoft*. In *Keena* there was no final resolution of liability. *See* 886 F.3d at 362. In *Board of Trustees* there was no final ruling as to damages. *See* 884 F.3d at 626.

Several decisions by other circuits pre-dating *Microsoft* reached the same result and are virtually identical to this case. In *Palmieri v. Defaria*, 88 F.3d 136, 139–40 (2d Cir. 1996), the district court entered an order dismiss-

ing the complaint after the district court had excluded plaintiff's preferred evidence in an in limine order. The Second Circuit held that there was no appealable final decision because the district court had "expressly declined to take the position . . . that [the plaintiff's remaining] proof as a whole was insufficient as a matter of law." *Id.* at 140. "The district court judge here continually showed his willingness to revisit all of his rulings depending upon how the evidence developed." *Id.* at 141. Plaintiff "made clear to the district court that he sought to appeal the in limine evidentiary rulings without proceeding to trial. However, under the circumstances, there was no course of action he could have taken that would have allowed this to occur." *Id.; see also Ali v. Fed. Ins. Co.*, 719 F.3d 83, 88 (2d Cir. 2013) (explaining that although a plaintiff may "appeal from a voluntary dismissal" when "a prior order . . . had in effect dismissed plaintiffs' complaint," "to qualify as an 'effective dismissal' of the claim, . . . the adverse ruling must have rejected the claim as a matter of law" (citation omitted)).

In *Verzilli v. Flexon, Inc.*, 295 F.3d 421, 422 (3d Cir. 2002), the district court had entered an order restricting the plaintiff's damages for failure to follow the court's pretrial discovery rules. The plaintiff then entered into a consent judgment in an attempt to facilitate an appeal challenging the limitation of damages. *Id.* The Third Circuit dismissed for lack of jurisdiction, concluding that the challenged order was interlocutory and that the consent judgment did not create finality under § 1291. *See id.* at 422–25.

In *Union Oil Co. of California v. John Brown E&C*, 121 F.3d 305, 309 (7th Cir. 1997), the district court had ruled that the plaintiff's breach of contract damages were limited to $332,000, rather than the $8 million it sought. The plaintiff, "not wishing to continue with the litigation if damages were so limited, entered into a stipulation . . .

conditionally settling the case" and obtained a purported final order. *Id.* at 306. The Seventh Circuit held that there was no final decision and dismissed the appeal, because "the merits were never decided"—the plaintiff merely "d[id] not believe it's worth the fight" to continue litigating. *Id.* at 309, 312; *see also Massey Ferguson Div. of Variety Corp. v. Gurley*, 51 F.3d 102, 104–05 (7th Cir. 1995) ("Not until *all* of the elements of a case have been wrapped up is there a final judgment . . . ."). Nothing in *Microsoft* calls these cases into question.

In sum, the cases both before and after *Microsoft* make clear that unless the district court has conclusively determined, including determined by consent, that the plaintiff has failed to satisfy a required element of the cause of action, a voluntarily dismissal lacks finality.[3]

C

Here there was no final ruling by the district court barring recovery on Adobe's breach claim because of a failure to prove a required element of that claim. Under New Jersey law, actual damages are not even a required element of a breach of contract claim. "[W]henever there is a breach of contract . . . the law ordinarily infers that damage ensued, and, in the absence of actual damages, the law vindicates the right by awarding nominal damages." *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 477

---

[3]    We have held that "a final judgment exists when a district court *fully adjudicates* some claims and by consent dismisses" all remaining unadjudicated claims, including counterclaims. *Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 604 (Fed. Cir. 2015) (emphasis added). That final judgment allows review of the adjudicated claims but not of the unadjudicated claims. *Atlas* provides no support for reviewing claims that have been partially adjudicated.

A.2d 1224, 1228 (N.J. 1984); *Karcher v. Phil. Fire & Marine Ins. Co.*, 116 A.2d 1, 3 (N.J. 1955) (plaintiff who "established a breach of the contract" "was entitled to at least a judgment for nominal damages"). Nothing in the district court's rulings foreclosed an award of nominal damages. Moreover, the district court did not even preclude Adobe from establishing actual damages, but in fact ruled multiple times that "there are purely defensive damages that can be proven on this record." J.A. 106–07. The district court's rulings did not foreclose Adobe's ability to satisfy a required element of its breach claim; they merely limited Adobe's potential actual damages as in the cases discussed above.

Accordingly, we conclude that Adobe could still have proceeded to trial on its breach claim, and was required to do so to obtain a final decision on the merits that could be appealed. To be sure, the prospect of only a small damages recovery may have *discouraged* Adobe from going to trial, but the cases discussed earlier establish that the fact that continuing litigation could be economically imprudent does not create a "final decision." *See Coopers & Lybrand*, 437 U.S. at 477; *Keena*, 886 F.3d at 362; *Union Oil*, 121 F.3d at 309.

Adobe resists this conclusion, arguing that the district court's judgment here qualifies as a "final decision" because "there is no action remaining for the district court to take." Appellant's Reply Br. at 4. But the fact that Adobe "persuade[d] [the] district court to issue an order purporting to end the litigation" does not create finality under *Microsoft*. 137 S. Ct. at 1715. Because the purported final judgment is ineffective, the district court must treat the case as though final judgment had never been entered. There are thus further steps remaining for the district court to take: it must determine whether PDIC breached its license agreement with Adobe, and if so, it must determine the damages (actual or nominal) to

which Adobe is entitled. In short, the case must continue until there is a final disposition of the breach claim, at which point there can be an appeal.

## II

Because there is no final judgment in the case, we also lack jurisdiction to consider Adobe's objections to the district court's denial of attorneys' fees under § 285 and sanctions under Rule 11, as well as PDIC's cross-appeal regarding the two sanctions imposed on it.

Although an order regarding attorneys' fees entered after a final judgment on the merits is separately appealable, here the district court's order denying fees preceded any judgment on the merits. Such an interim order denying fees is generally not appealable. *See Giraldo v. Building Serv. 32B-J Pension Fund*, 502 F.3d 200, 203 (2d Cir. 2007) (denial of fees while merits litigation continued was not appealable until "following the district court's final judgment on the merits"); 15B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3915.6 (2d ed. 1992) [hereinafter "Wright & Miller"] ("Interim attorney fee awards present appeal questions quite different from awards made upon conclusion of proceedings on the merits. Refusal to make an interim award is not appealable . . . ."). In some limited and unusual circumstances, decisions as to fees before a final judgment on the merits might be appealable as collateral orders, particularly if there is reason to believe that there will be no opportunity for a future appeal on the issue. *See Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1163 n.11 (10th Cir. 2007) (denial of petition for fees in an ERISA case appealable as a collateral order); Wright & Miller, *supra,* § 3915.6 ("Appeal may be allowed, however, if there is substantial ground to fear that the award [of fees] cannot be recaptured if later proceedings make that appropriate or if the award is

made in a complex proceeding that promises to endure a long time."). No circumstances exist here that would justify treating the denial of fees as an order collateral to the merits.

The same is true for orders imposing or denying sanctions on a party to the proceeding: in general, such orders are separately appealable only if entered *after* a final judgment on the merits. *See Sanders Assocs., Inc. v. Summagraphics Corp.*, 2 F.3d 394, 398 (Fed. Cir. 1993) (order imposing monetary sanctions in the course of litigation not immediately appealable, but would only be "reviewable after final judgment is entered" on the merits); *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) (order imposing discovery sanctions on party not immediately appealable); *McCright v. Santoki*, 976 F.2d 568, 570 (9th Cir. 1992) (denial of motion for Rule 11 sanctions not immediately appealable); Wright & Miller *supra*, § 3914.30 ("Denial of a party's request for sanctions of whatever variety ordinarily should not be appealable" before final judgment on the merits).

Only once there has been a final decision on the contract claim may there be an appeal from the denial of fees pursuant to § 285, the denial of Rule 11 sanctions, and the imposition of monetary sanctions on PDIC.

CONCLUSION

The district court's judgment is not final. We lack jurisdiction over this appeal and cross appeal.

**DISMISSED**

COSTS

No costs.