NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0165n.06
Nos. 18-3686/3691

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CINCINNATI PLUMBING AND PIPE FITTING INDUSTRY PROMOTION TRUST FUND et al., | ) ) ) ) |
|     Plaintiffs-Appellants/Cross-Appellees, | ) ) |
| v. | ) ) |
| SUSAN L. HUMBERT; STEVEN L. HUMBERT, | ) ) |
|     Defendants-Appellees, | ) ) |
| GENESIS MECHANICAL SERVICES, INC.; STEVE REECE, dba Genesis Mechanical Services, | ) ) ) |
|     Defendants-Appellees/Cross-Appellants. | ) |

**FILED**
Apr 01, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

Before: SUTTON, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Local 392 of the Plumbers, Pipe Fitters & Mechanical Equipment Service Union sued three companies, claiming that they had violated the terms of Local 392's collective-bargaining agreement. The district court held that one company was bound by the CBA as a signatory; that another was bound as the alter ego of the first; but that the third was not bound as an alter ego. We hold that neither the second nor the third company was an alter ego. Hence we affirm in part and reverse in part.

I.

Steven Humbert began offering pipefitting services through Genesis Mechanical (Mechanical) in 2004. That year, Mechanical signed Local 392's CBA. In 2008, Steve Reece started a company to provide HVAC installation, maintenance, and repair. He called the new

business Genesis Mechanical Services (Services), with Humbert's permission. Reece later folded that business into Genesis Mechanical Services, Inc. (Genesis Corp.).

Mechanical, Services, and Genesis Corp. paid union dues and trust-fund contributions to Local 392 on behalf of their employees who were union members. All three companies also used the same accounting firm, Comprehensive Business Solutions. Comprehensive reported the companies' union employees to Local 392 on one form, under Mechanical's name, and paid the union with one check, issued by Comprehensive.

Services and Genesis Corp. stopped paying Local 392 when their employees withdrew from the union. Local 392 and its related trust funds then sued Mechanical, Services, and Genesis Corp., claiming that all three were bound by the CBA and therefore required to pay dues and contributions for covered employees, including those who were no longer union members.

On summary judgment, the district court ruled that Services and Genesis Corp. had not signed the CBA but were bound by it as alter egos of Mechanical. The court later reconsidered its ruling in part, and found that Genesis Corp. was not an alter ego. Thereafter the court entered a stipulated judgment holding Mechanical and Services jointly liable to Local 392 and the trust funds for about $45,000. Services appealed, and Local 392 cross-appealed. Our court dismissed those appeals because at the time the district court's judgment was not yet final. *See Bd. of Tr. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Local Union No. 392 v. Humbert*, 884 F.3d 624, 625 (6th Cir. 2018). The district court has since entered a final judgment, which Local 392 again appeals and Services cross-appeals.

## II.

All agree that Services and Genesis Corp. were bound by the CBA only if they were alter egos of Mechanical. *See Trs. of Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting,*

Nos. 18-3686/3691, *Bd. of Trs., Cincinnati Plumbing & Pipe Fitting v. Genesis Mech. Servs.*

*LLC*, 581 F.3d 313, 317-18 (6th Cir. 2009).  We review de novo the district court's summary-judgment rulings on alter-ego liability.  *See Rd. Sprinkler Fitters Local Union No. 669 v. Dorn Sprinkler Co.*, 669 F.3d 790, 793-94 (6th Cir. 2012).

One business is the alter ego of another if the two are really "one business, separated only in form."  *See NLRB v. Fullerton Transfer & Storage Ltd.*, 910 F.2d 331, 336 (6th Cir. 1990).  To determine whether two businesses are in fact one, courts consider whether the businesses share "substantially identical management, business purpose, operation, equipment, customers, supervision and ownership[.]"  *Dorn Sprinkler*, 669 F.3d at 794 (citation omitted).

Services and Mechanical undisputedly never shared equipment, supervision, or ownership. All of those considerations thus weigh against Local 392's claim.  As for management and operations, those elements support alter-ego liability if there was "pervasive intermingling of funds and operations[.]"  *See Trs. of Resilient Floor Decorators Ins. Fund v. A&M Installations, Inc.*, 395 F.3d 244, 249 (6th Cir. 2005).  But each company managed its own trade work, with Reece in charge of Services's HVAC projects and Humbert in charge of Mechanical's pipefitting projects. Each company had its own employees, who were not versed in the other company's trade. Comprehensive maintained separate books for each business.  And there is no evidence that Services and Mechanical ever shared profits or loaned each other money.  *See id.*

True, as Local 392 points out, Services and Mechanical overlapped in some ways.  They used similar names and Comprehensive's mailing address.  They worked on the same jobs a few times a year, and Services listed Humbert on its website as its "Pipe and Fabrication Coordinator." And in managing the companies' financial and administrative affairs, Comprehensive often failed to distinguish between them:  it put Services's phone number on an invoice for Mechanical at least once; it deposited both companies' money into its bank account for a short time; it administered

payroll for both companies and issued tax forms to all of their employees under its name and tax identification number; and it reported both companies' employees to Local 392 on one form and paid all union dues and trust-fund contributions with one check. Based on these facts Local 392 might have genuinely and reasonably believed that Services and Mechanical were affiliated. But alter-ego liability requires "pervasive intermingling" between the two companies. *See id.* Without evidence of shared finances or business operations, their common reliance on Comprehensive for administrative support does not meet that standard. *See id.* at 246, 249.

Finally, Services and Mechanical had different purposes and customers: Services installed, maintained, and repaired HVAC systems for hundreds of commercial and residential customers, whereas Mechanical offered pipefitting services to seven companies and worked mostly for one. Local 392 counters that Services and Mechanical both worked in trades covered by Mechanical's CBA with Local 392. But normally two companies have the same business purpose if they perform the same type of work. *See Dorn Sprinkler*, 669 F.3d at 794. Here they did not. Local 392 also mentions that Services did work for at least half of Mechanical's customers. But that is true only because Mechanical had so few customers; there is no evidence that Mechanical had worked for most of Services's customers, that the two companies targeted the same projects, or that they consistently worked together. *Cf. NLRB v. Allcoast Transfer, Inc.*, 780 F.2d 576, 582 (6th Cir. 1986). Hence these elements do not help Local 392 either.

Local 392 asserts that the court should nonetheless consider Services an alter ego because (it says) Services intended to evade labor law. *See Detroit Carpenters*, 581 F.3d at 318. Specifically, the union says that Services contributed to the union's trust funds without entering into a collective bargaining agreement—a practice which, according to the union, is illegal. *See* 29 U.S.C. § 186(c)(5)(B). Yet that alleged intent does not make Services an alter ego when every

other consideration shows that the companies were not really one. *See Detroit Carpenters*, 581 F.3d at 318.

The record as a whole thus shows that Services and Mechanical ran two businesses that were separately owned and operated. The two were not really "one business, separated only in form." *See Fullerton Transfer*, 910 F.2d at 336. Thus they were not alter egos. And as to Genesis Corp., Local 392 argues only that Genesis Corp. inherited Services's alter-ego status. Since Services was not Mechanical's alter ego, Genesis Corp. had nothing to inherit.

\*     \*     \*

The district court's judgment is reversed as to Services and affirmed as to Genesis Corp., and the case is remanded for entry of judgment in their favor.