NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0387n.06

Case No. 19-4204

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RODNEY HAYSLIP, ADMINISTRATOR, | ) | |
| Plaintiff, | ) | **FILED** |
| | ) | Jul 02, 2020 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| GENUINE PARTS COMPANY, dba Napa, dba RMDS, | ) | |
| Defendant-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| TRANSFORCE, INC., | ) | STATES DISTRICT COURT FOR |
| Defendant-Appellee, | ) | THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| BELKAMP INC., dba Automotive Redistribution Center, et al., | ) | |
| Defendants. | ) | OPINION |

---

**BEFORE: GILMAN, KETHLEDGE, and MURPHY, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Genuine Parts Company (GPC) and TransForce, Inc. (TransForce) are engaged in a contractual dispute regarding the indemnification provisions of the Driver Services Agreement (Agreement) entered into between them. Under the terms of the Agreement, GPC used TransForce employees to drive GPC's tractor-trailers that transported products for sale. One of these road trips led to an automobile accident that resulted

in the death of the other driver and an ensuing wrongful-death lawsuit against GPC and TransForce.

GPC and TransForce then filed numerous cross-claims against each other. Relevant to this appeal, the district court interpreted the terms of the Agreement to require GPC to indemnify TransForce for the costs arising out of the wrongful-death litigation. It granted summary judgment in favor of TransForce on this question and directed TransForce to submit its indemnification claim to GPC within 14 days of the judgment. The court did not determine the amount of damages to which TransForce was entitled.

GPC now appeals. It first argues that TransForce failed to comply with the specified time frame to submit the indemnification claim, thereby waiving the same. In the alternative, GPC argues that the district court's decision is wrong on the merits. TransForce counters that the district court's judgment is correct and that this court should decline to consider GPC's waiver argument because that argument has not yet been considered by the district court.

Of more immediate concern to us, however, is whether the district court's judgment is final for the purposes of appellate jurisdiction. "Under § 1291 of the Judicial Code, federal courts of appeals are empowered to review only 'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1707 (2017) (quoting 28 U.S.C. § 1291). A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). One example of a nonfinal decision is "a stipulated order that leaves open the possibility of 'piecemeal appeals.'" *Bd. of Trs. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Local Union No. 392 v. Humbert*, 884 F.3d 624, 625–26 (6th Cir. 2018) (quoting *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 659 (6th Cir. 2013)).

That is exactly what the district court's order leaves open here. Because the district court's order did not "determine[] the amount of damages to which [TransForce] was entitled[,] . . . [t]his meant [that] its orders in the case were not final for purposes of appellate jurisdiction under 28 U.S.C. § 1291." *See id.* at 625. We therefore lack jurisdiction to review this appeal. Accordingly, we **DISMISS** the appeal for lack of jurisdiction and **REMAND** the case to the district court to resolve the remaining issue of TransForce's alleged damages.