NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TABITHA SPERRING; PAISLIE MARCHANT; SALLY POSTON, individually and on behalf of similarly situated persons, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LLR, INC., a Wyoming corporation; LULAROE, LLC, a California limited liability company; LENNON LEASING, LLC, a Wyoming limited liability company; MARK A. STIDHAM, an individual; DEANNE BRADY, an individual; DOES, 1-30, inclusive, <br><br> Defendants-Appellees. | No. 21-56138 <br><br> D.C. No. 5:19-cv-00433-AB-SHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted July 25, 2022
Pasadena, California

Before: TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Tabitha Sperring, Paislie Marchant, and Sally Poston (collectively "Plaintiffs") filed an action against LLR, Inc.; LuLaRoe, LLC; Lennon Leasing, LLC; Mark Stidham; and Deanne Brady (collectively "LuLaRoe"), alleging that LuLaRoe operated a pyramid scheme in violation of California and federal law when it hired them as consultants to sell women's clothing. After the district court issued an order compelling arbitration, Plaintiffs voluntarily dismissed the case with prejudice, with the goal of obtaining a final judgment that would enable them to immediately appeal the order compelling arbitration. Plaintiffs appealed, and we dismissed for lack of jurisdiction, relying on a recent case holding that voluntarily dismissing claims to expedite review of an order compelling arbitration does not create appellate jurisdiction. Plaintiffs then filed a motion for relief from the dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that they had unfairly suffered the consequences of an unfavorable change in law. The district court denied the motion, and Plaintiffs appealed. We affirm.

To determine whether a plaintiff "should suffer the consequences of [an] unfavorable change in the law," *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 447 (9th Cir. 2019), courts must undertake a "case-by-case inquiry that requires . . . intensively balanc[ing] numerous factors," *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009), and ultimately must determine whether the situation amounts to the "extraordinary circumstances" necessary for Rule 60(b)(6) relief, *Gonzalez*

*v. Crosby*, 545 U.S. 524, 535 (2005).  One important factor is the "nature of the change in the law," which can include "the extent to which the precedent upon which [the plaintiff] relied was settled in the Circuit" and "the extent to which [the plaintiff] should have known that the law might change in an unfavorable way." *Henson*, 943 F.3d at 446-47.  Other factors include "whether the movant exercised diligence in pursuing reconsideration of his or her claim," "the parties' reliance interests in the finality of the judgment," and "the relationship between the change in law and the challenged judgment." *Martinez v. Shinn*, 33 F.4th 1254, 1263 (9th Cir. 2022) (quoting *Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020)).

1. We reject Plaintiffs' preliminary argument that the district court abused its discretion by failing to explicitly address each factor commonly considered in the multi-factor test for relief.  Our caselaw is clear that the factors courts typically balance do not constitute "a rigid or exhaustive checklist" requiring explicit consideration.  *Henson*, 943 F.3d at 445 (quoting *Phelps*, 569 F.3d at 1135).  Rather, some factors should be "skipped" if they are inapplicable, while some situations may prompt consideration of entirely new factors.  *Henson*, 943 F.3d. at 453.  Indeed, we have explained that strictly applying the factors discussed in a prior case—"and only those factors"—rather than completing the necessary "case-by-case inquiry" constitutes error.  *Id.* at 445-46; *see also Lopez v. Ryan*, 678 F.3d

1131, 1135 (9th Cir. 2012) ("[S]ix factors . . . *may* be considered, among others, to evaluate whether extraordinary circumstances exist." (emphasis added)).

2. The district court did not abuse its discretion in denying Plaintiffs' Rule 60(b)(6) motion. Even adopting—for the sake of argument—Plaintiffs' characterization of *Langere v. Verizon Wireless Services, LLC*, 983 F.3d 1115 (9th Cir. 2020), as the relevant change in law, there is plenty of support for denying Plaintiffs relief. For at least three reasons it was appropriate for the district court to conclude that Plaintiffs should have known that the law might change in the way it did. First, much of the reasoning in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), is equally applicable in the arbitration context. Second, in *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), the Supreme Court suggested that *Microsoft* would have applied had the plaintiffs voluntarily dismissed their claims to facilitate an appeal of an order compelling arbitration. *Id.* at 1414 n.2; *id.* at 1422-27 (Breyer, J., dissenting). Third, other circuits had held that *Microsoft* extended beyond the class certification context by the time Plaintiffs filed their voluntary dismissal. *See, e.g.*, *Keena v. Groupon, Inc.*, 886 F.3d 360 (4th Cir. 2018); *Board of Trustees of Plumbers, Local Union No. 392 v. Humbert*, 884 F.3d 624 (6th Cir. 2018). Where, as here, Plaintiffs clearly "should have known that the law might change in an unfavorable way," the district court was well within its discretion to conclude that Plaintiffs were not entitled to relief. *Henson*, 943 F.3d at 447.

In response, Plaintiffs primarily argue that a post-*Microsoft* case, *Rodriguez v. Taco Bell Corp.*, 896 F.3d 952 (9th Cir. 2018), affirmed the validity of their voluntary dismissal tactic, so they could not have known that the tactic was a risky one.  Although *Rodriguez* did state that because the dispute did not involve class certification, *Microsoft* did not control, it also emphasized that there was no discretionary appeal regime at issue that could have been subverted in the same manner as Rule 23's regime in *Microsoft*.  Thus, *Rodriguez* can fairly be read to mean that voluntary dismissals with prejudice can facilitate appellate jurisdiction so long as that dismissal does not subvert a discretionary regime.  In the current dispute, there was clearly a "discretionary appellate-review scheme designed by Congress in the [Federal Arbitration Act]."  *Langere*, 983 F.3d at 1122 (citing 9 U.S.C. § 16).  Plaintiffs' dismissal tactic subverted that discretionary scheme for appeals.  Plaintiffs therefore should have known that *Rodriguez* did not definitively condone their dismissal tactic.[1]

Plaintiffs argue that other factors favor relief, but even if so, it was reasonable for the district court to conclude that those factors do not outweigh the foreseeable nature of the dismissal for lack of jurisdiction.  At bottom, Plaintiffs should have known that they were undertaking a risky tactic by voluntarily

---

[1] Even if *Rodriguez* sowed doubt about *Microsoft*'s scope, as Plaintiffs argue, *Lamps Plus* still should have served as a warning to Plaintiffs that *Microsoft* might be interpreted to preclude their appeal.

dismissing their claims with prejudice, and it was therefore not an abuse of discretion for the district court to conclude that these circumstances are not "extraordinary."

**AFFIRMED.**